Willard W. Hansen, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued October 6, 1980, before President Judge CRUMLISH and Judges BLATT and CRAIG, sitting as a panel of three.

*Willard W. Hansen,* petitioner, for himself.

*John T. Kupchinsky,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel, for respondent.

OPINION BY JUDGE CRAIG, November 13, 1980:

In this unemployment compensation appeal, the claimant[1] questions the board's[2] affirmance of a referee's decision which excluded earnings during the first two calendar quarters of 1977 from the claimant's base year wages, used for the computation of compensation amount. The basis for excluding those quarters was that they had been used to calculate claimant's base year wages for a previous claim filed under the Emergency Unemployment Compensation Assistance Act of 1974,[3] also known as the Special Unemployment Assistance (SUA) Program.

Steel Valley Vocational Tech (school) had employed claimant for eight years as a teacher. The record indicates that declining enrollment and course consolidation caused the school to discharge the claimant on October 24, 1977.

When claimant was discharged from his teaching position, Pennsylvania's Unemployment Compensation Law[4] did not provide unemployment compensation coverage for teachers. Consequently claimant filed an application for and received benefits under SUA.

---

[1] Willard W. Hansen.

[2] Unemployment Compensation Board of Review.

[3] 26 U.S.C.A. §3304, note. The Emergency Unemployment Compensation Act of 1974 established a special unemployment assistance for workers who were unemployed during a period of aggravated unemployment and who were not otherwise eligible for unemployment allowance under any other law.

[4] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §751 *et seq.*

The effective date of claimant's SUA application was October 23, 1977, and under Pennsylvania law[5] his base year for determining the amount of his entitlement was July 1, 1976 to June 30, 1977. Section 4(a)(1), 43 P.S. §753(a)(1) of the Unemployment Compensation Law defines base year as follows:

[T]he first four of the last five completed calendar quarters immediately preceding the first day of an individual's benefit year.

Effective January 1, 1978, Section 402.1 of the Unemployment Compensation Law, 43 P.S. §802.1, was added to provide benefit coverage for employees of educational institutions for services performed after January 1, 1978. However, under that section, base year wage computations on claims for services performed before January 1, 1978 resulted in financial ineligibility because the services were performed outside the coverage period of the section. However, bridging that gap, the federal Unemployment Compensation Amendments of 1976[6] made provision for federal reimbursement to states which paid benefits to newly-covered workers during that transitional period.

Claimant filed a transitional claim for regular unemployment compensation with the Pennsylvania Office of Employment Security, with effective date of January 1, 1978. Applying the moveable base year provision of Section 4(a)(2),[7] the compensation au-

---

[5] Section 207 of the Emergency Unemployment Compensation Act of 1974 makes state unemployment compensation law applicable to claims filed under the act so long as the state law is consistent with the Emergency Unemployment Compensation Act of 1974.

[6] 26 U.S.C.A. §3304, note.

[7] 43 P.S. §753(a)(2) states as follows:

(2) Notwithstanding the provisions of paragraph (1), an individual who does not meet the monetary require-

thorities determined the base year to be January 1, 1977 to December 31, 1977. Because claimant's earnings during the first two calendar quarters had been previously considered in computing his benefits received under his SUA claim, the compensation authorities excluded them from claimant's base year earnings for his transitional claim, thereby basing the computation upon quarters having a lower "Highest Quarterly Wage" figure.

The only issue is whether calendar quarters used for base year wages in a SUA claim can be used again for base year wages in a transitional claim for regular unemployment compensation.

The board, in deciding to exclude the first two calendar quarters of 1977 from the base year wages for claimant's transition claim, relied on Memorandum No. 850 of the Office of Employment Security, dated January 24, 1978.[8] That memorandum advised the local employment security offices that all SUA base period wage credits based on previously uncovered services were considered to be used when the SUA benefit year was established and may not be later used to establish entitlement to regular compensation under Pennsylvania law.

The spirit of the memorandum issued on January 24, 1978 is consonant with Section 121(c)(2)(B) of

ments of section 401(a) of this act by reason of insufficient wages credits in his base year as so defined, may elect to have his base year consist of the first four of the completed calendar quarters immediately preceding the first day of his benefit year. The quarters included in such an election may not be used at any time thereafter in the calculation of benefits for any subsequent benefit year.

[8] Although we have no indication that this policy was stated in any formally promulgated regulation, only the substance of the policy has been placed at issue here; no question has been raised as to the promulgation procedure or vehicle.

the Unemployment Compensation Amendments of 1976, which reads as follows:

(c) Federal Reimbursement.—

. . . .

(2) Reimbursable services.—For purposes of determining the amount of the Federal reimbursement for compensation paid to any individual for any week of unemployment, previously uncovered services shall be treated as being reimbursable—uncovered services shall be treated as being reimbursable—

. . . .

(B) to the extent that assistance under title II of the Emergency Jobs and Unemployment Assistance Act of 1974 was not paid to such individal on the basis of such services.

By agreeing to reimburse the state for the payment of compensation for any week of unemployment beginning on or after January 1, 1978, on the basis of previously uncovered services, the federal government provided the impetus for the state to compensate people situated like the claimant.

However, if the claimant in his transitional claim is permitted to re-use as part of his base year wages any of the calendar quarters used in his SUA claim, Section 121(c)(2)(B) of the Unemployment Compensation Amendments of 1976 would preclude the federal government from reimbursing the state for the compensation paid on the transitional claim.

We cannot find any basis to support such a result, as urged by the claimant.

Accordingly, we affirm the decision of the board.

ORDER

AND Now, this 13th day of November, 1980, the decision of the Unemployment Compensation Board of Review is hereby affirmed.