Joy A. Bitler, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued June 5, 1980, before Judges WILKINSON, JR., BLATT and WILLIAMS, JR., sitting as a panel of three.

*Joseph R. DeCristopher*, with him *Stuart A. Cilo*, for petitioner.

*William Kennedy*, Assistant Attorney General, with him *John T. Kupchinsky*, Assistant Attorney General, and *Richard Wagner*, Chief Counsel, and *Edward G. Biester, Jr.*, Attorney General, for respondent.

OPINION BY JUDGE WILLIAMS, JR., February 2, 1981:

Joy A. Bitler (claimant) appeals form an order of the Unemployment Compensation Board of Review (Board) denying her Special Unemployment Assistance (SUA) benefits under Title II of the Emergency Jobs and Unemployment Assistance Act of 1974 (Assistance Act).[1]

The Board's order affirmed a referee's decision that the claimant had rendered herself ineligible under the disqualifying language of Section 203(b) of the Assistance Act,[2] and also under Section 401(d) of the state Unemployment Compensation Law.[3] The order appealed from also upheld a determination that the claimant had received a non-fault overpayment.

Until June of 1977 claimant Bitler was a full-time professional employee of the Royer Run School District. In that month she was furloughed from her position. In July, 1977, she applied for and was granted SUA benefits; and she continued to receive

---

[1] 26 U.S.C. §3304 (note).

[2] *Id.*

[3] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §801(d).

them until June 17, 1978. However, in January, 1978, the claimant had placed her name on the substitute teacher list for the Central Columbia School District (Central Columbia). From January 11, 1978 through June 1, 1978, she worked a total of 9½ days as a per diem substitute teacher for Central Columbia. According to the claimant she was able and available to teach 120 days that term.[4]

At some point, apparently during the month of June, 1978, Central Columbia sent her a written communication inquiring if she was willing to continue as a substitute teacher in the upcoming, 1978-1979 school year. She responded that she was. Prior to that communication from the school district, Bitler had allowed her name to remain on the list of available substitutes for the next school year.

The Bureau of Employment Security[5] learned of the claimant's intervening and prospective engagement as a substitute teacher. Based on that status, the Bureau determined that she was ineligible for benefits for the week ending June 17, 1978, and that she had received a non-fault overpayment of $114.00. The Bureau's determination of ineligibility was based on Section 402.1 of the Unemployment Compensation Law.[6] That Section denies benefits to school teachers for any week of unemployment commencing during the period between two successive academic years, if there is a contract or reasonable assurance of re-employment in the second of such academic years.

The referee affirmed the Bureau's determination but modified the basis of the claimant's ineligibility.

---

[4] Between January and June, 1978, the claimant served as a substitute teacher for at least one other school district.

[5] Now "Office" of Employment Security.

[6] Added by Section 5, Act of July 6, 1977, P.L. 41, *as amended*, 43 P.S. §802.1.

The referee rested his decision of ineligibility on Section 203(b) of the Assistance Act and Section 401(d) of the Unemployment Compensation Law. The application of those two provisions turned on the referee's finding that Central Columbia had given the claimant a reasonable assurance of re-employment when school reopened in the fall for the 1978-79 academic year.

The referee, in applying Section 203(b) of the Assistance Act, used that version of the Section that predated its 1976 amendment. As amended, Section 203(b) provides in pertinent part that, as to any individual who performs services in an instructional capacity, benefits shall not be payable for any week commencing between two successive academic years or terms if:

> [S]uch individual performs such service in the first of such academic years (or terms) and if there is a *contract or reasonable assurance* that such individual will perform services in any such capacity for any educational institution in the second of such academic years or terms. (Emphasis added.)[7]

Given that statutory language, the sole issue in this case generated by 203(b) is whether claimant Bitler had a reasonable assurance of re-employment in the fall term of 1978.

The referee found that Central Columbia had given such an assurance to the claimant; and we conclude that there was substantial evidence to support that finding. This claimant, after performing as a substitute at Central Columbia from January to June,

---

[7] Section 203(b) of the Assistance Act was amended on October 20, 1976, by 26 U.S.C. §3304(a)(6)(A)(i). That amendment, which took effect as to services performed after December 31, 1977, substituted the language "if there is a contract or reasonable assurance...." Prior to the amendment the Section referred only to a "contract."

1978, allowed her name to remain on the substitute teacher list for that school district. The school district sent her a written communication inquiring if she would be willing to continue as a substitute in the upcoming school year; and, she responded in the affirmative. From that evidence it was reasonable to infer that she had a reasonable assurance of re-employment as a substitute teacher. *See Louderback v. Unemployment Compensation Board of Review*, 48 Pa. Commonwealth Ct. 501, 409 A.2d 1198 (1980); *Goralski v. Unemployment Compensation Board of Review*, 48 Pa. Commonwealth Ct. 39, 408 A.2d 1178 (1979); *Ellman v. Unemployment Compensation Board of Review*, 47 Pa. Commonwealth Ct. 179, 407 A.2d 478 (1979). Indeed, the communications between the school district and the claimant could reasonably be interpreted as an offer of employment followed by an acceptance.

In light of the evidence in this case, we must also conclude that the referee and the Board correctly determined that the claimant did not meet the eligibility standard set forth in Section 401(d) of the Unemployment Compensation Law. School employees who expect and desire to work with their educational employers at the end of a summer recess are unavailable for suitable work under 401(d), and as such are ineligible for benefits. *Sude v. Unemployment Compensation Board of Review*, 43 Pa. Commonwealth Ct. 533, 402 A.2d 1122 (1979); *Calvano v. Unemployment Compensation Board of Review*, 29 Pa. Commonwealth Ct. 79, 368 A.2d 1367 (1977); *Chickey v. Unemployment Compensation Board of Review*, 16 Pa. Commonwealth Ct. 485, 332 A.2d 853 (1975). That rule applies absent proof by a claimant that there is some substantial reason to believe he or she will not be recalled at the end of the recess. *E.g., Sude, supra.* The claimant in the case at bar presented no such proof.

For the reasons set forth, the order of the Board denying benefits is affirmed.

ORDER

AND Now, the 2nd day of February, 1981, the order of the Unemployment Compensation Board of Review, at Decision No. B-168011, denying benefits, is affirmed.