Neshaminy School District, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued March 2, 1981, before Judges WILKINSON, JR., BLATT and WILLIAMS, JR., sitting as a panel of three.

*Miriam Reimel,* with her *Jack Sirott,* for petitioner.

*Richard Wagner,* Chief Counsel, with him *Elsa D. Newman-Silverstine,* Assistant Attorney General, and *Harvey Bartle, III,* Acting Attorney General, for respondent.

OPINION BY JUDGE WILKINSON, JR., March 17, 1981:

This is an appeal by Neshaminy School District (District) from an order of the Unemployment Compensation Board of Review (Board) which reversed a referee and granted unemployment compensation benefits to claimant. We reverse.

As of June, 1979 claimant had been employed by the District for two-and-one-half academic years as a long term substitute teacher. Long term substitutes fill in for full-time teachers who are on various long term leaves of absences. For two consecutive summers claimant was laid off following the end of the school year in June but returned to employment as a long term substitute when the school year resumed in September. Claimant became unemployed after June 18, 1979 when school closed for summer vacation.

In April of 1979, the District sent all long term substitute teachers a memorandum stating that tentative staff assignments were being made. This memorandum asked the substitutes to indicate their availability for contract teacher positions, for long term substitute positions, and their willingness to have their name added to the day to day substitute list for the 1979-80 school year. The memorandum also explained that any long term substitute position would first be filled by any contract teachers who had been suspended due to declining enrollment. On May 18, 1979 claimant returned the requisite form indicating his availability and willingness to be considered for all three of the possible positions. In a letter dated June 15, 1979 claimant was informed that the District would

only be able to provide him with day to day substitute employment for the 1979-80 school year. Claimant sought benefits for the claim weeks ending June 23 and June 30, 1979. The Bureau (now Office) of Employment Security ruled the claimant was ineligible for benefits under Section 402.1(1) of the Unemployment Compensation Law (Act),[1] determining that claimant had a reasonable assurance of performing services for the District in the 1979-80 academic year. After a hearing before a referee on August 3, 1979 at which the claimant and an employer representative appeared, the referee affirmed the Bureau's denial but modified the decision by concluding that claimant was also unavailable for work and so ineligible within the meaning of Section 401(d) of the Act, 43 P.S. §801(d). The Board reversed the referee and granted benefits which resulted in this appeal.

Section 402.1(1) of the Act provides in pertinent part:

> (1)  With respect to service performed . . . in an instructional, research, or principal administrative capacity for an educational institution, benefits shall not be paid based on such services for any week of unemployment commencing during the period between two successive academic years . . . to any individual if such individual performs such services in the first of such academic years . . . and if there is a contract or a reasonable assurance that such individual will perform services in any such capacity for any educational institution in the second of such academic years. . . .

The reason for the Board's reversal and its position now on appeal is that claimant had no reasonable

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* added by Section 5 of the Act of July 6, 1977, P.L. 41, *as amended,* 43 P.S. §802.1(1).

assurance of any position with the District in the 1979-80 school year and, in any case, had no assurance of returning to the district in his past position as a long term substitute teacher. The Board argues that such "conditional reemployment" as is involved in day to day substitute work falls short of constituting reasonable assurance within the meaning of Section 402.1(1) of the Act.

"[W]e have held that, absent a formal agreement to rehire, there must be some evidence of mutual commitment or assurance between the teacher and employer to recall the former, so that the teacher can be said to have a reasonable expectation of returning to employment in the next term." *Aronson v. Unemployment Compensation Board of Review*, 56 Pa. Commonwealth Ct. 177, 179, 424 A.2d 972 (1981). Section 402.-1(1) of the Act does not require a guarantee of actual employment but only a reasonable assurance of reemployment and what constitutes reasonable assurance must be determined by the Board's examination of all relevant facts. *Goralski v. Unemployment Compensation Board of Review*, 48 Pa. Commonwealth Ct. 39, 408 A.2d 1178 (1979).

The Board's conclusion here that claimant had no reasonable assurance or expectation of reemployment with the District in the 1979-80 school year is not supported by substantial evidence when viewing the record as a whole. First of all, there was a two year history of claimant being reemployed by the District after summer vacations. This is an important factor in these school employee cases. *See, e.g. Aronson, supra; Louderback v. Unemployment Compensation Board of Review*, 48 Pa. Commonwealth Ct. 501, 409 A.2d 1198 (1980); *Goralski, supra*. Secondly, the evidence clearly reveals that the District offered to continue claimant on its day to day substitute list and

claimant accepted this offer. *See Bitler v. Unemployment Compensation Board of Review,* 56 Pa. Commonwealth Ct. 403, 425 A.2d 54 (1981) ; *Hansen v. Unemployment Compensation Board of Review,* 54 Pa. Commonwealth Ct. 524, 422 A.2d 709 (1980). Finally, claimant's placement on the day to day substitute teacher list was clearly communicated to him by the District. *See Aronson, supra.*

Claimant's reemployment as a day to day substitute and not a long term substitute is not relevant to a determination of the existence of or lack of a reasonable assurance of reemployment. Under the express language of Section 402.1(1) of the Act, the central question, for our purposes here, is whether the individual has a reasonable assurance of performing services with any educational institution in any instructional, research, or principal administrative capacity in the successive academic year. Claimant did have a reasonable assurance of returning to the District in an instructional capacity. The statute does not require that the reemployment be in the same capacity.

Turning to the argument that claimant had only a hope of returning to work as a day to day substitute due to the lay-offs of full-time teachers, we note that we have addressed this argument before in *Louderback, supra.* Our conclusion in that case is equally applicable here.

> Although such a circumstance [the lay-offs of regular full-time teachers who would have priority over claimant for future substitute teaching assignments] is relevant evidence with respect to the likelihood of continued employment it is not alone determinative. Substitute teaching is by its nature inherently indefinite depending as it does on the occurrence of unforeseen vacancies in the teaching faculty. All that can be said with certainty about the effect

of the lay-offs is that the opportunity for substitute teaching for persons in claimant's position may be diminished in the coming year. So long as the claimant desires and intends to continue substitute work and [the employer] expects to offer such work when it becomes available, the employment relationship of a substitute teacher remains viable. (Footnote omitted.)

*Louderback, id.* at 504-05, 409 A.2d at 1200.

By concluding that claimant must be denied benefits because he had a reasonable assurance of reemployment with the District in the fall, we need not address the issue of whether he was available for suitable work under Section 401(d) of the Act, 43 P.S. §801(d).

Accordingly, we will enter the following

### ORDER

AND NOW, March 17, 1981, the order of the Unemment Compensation Board of Review at Decision No. B-176811 dated October 19, 1979 is hereby reversed.