**CLEVELAND CITY SCHOOLS, Plaintiff-Appellant,**

**v.**

**F. Mark CONN and Robert Bible, Tennessee Department of Employment Security, Defendants-Appellees.**

Court of Appeals of Tennessee, Eastern Section.

Nov. 8, 1985.

Permission to Appeal Denied by Supreme Court Jan. 27, 1986.

Larry D. Cantrell, Bell, Painter, McMurray, Callaway, Brown & Headrick, Cleveland, for plaintiff-appellant.

Dianne Stamey, Asst. Atty. Gen., Nashville for Tennessee Dept. of Employment Sec.; W.J. Michael Cody, Atty. Gen., of counsel.

OPINION

FRANKS, Judge.

This is an appeal by the employer from a chancery court judgment affirming the decision of the Board of Review that F. Mark Conn, a substitute teacher for the Cleveland City Schools, was entitled to unemployment compensation.

The Board of Review initially determined:

FINDINGS OF FACT: The claimant was last employed as a substitute teacher with the Cleveland City School System in Cleveland, Tennessee. The claimant worked when needed and was normally called on the evening prior to, or on the morning of the day which he was to work as a teacher. The claimant last worked on February 23, 1983, and was offered no subsequent employment until he filed his initial claim on April 6, 1983. The claimant contacted the school principal who usually notified him of available work and was told that the school was using certified teachers. This person advised the claimant that it was doubtful that he would be used to any great extent in the future due to his lack of certification. The Appeals Tribunal denied this claim under TCA 50–7–302(7), finding that the claimant had a reasonable assurance of reemployment to the same extent as in the previous school year.

CONCLUSIONS OF LAW: After considering the entire record in this case, the Board of Review finds that the claimant was separated from his employment in February, 1983, and that this separation did not occur at the end of the school year. We therefore find that TCA 50–7–302(7) would not apply in this instance.

The issue before the Board of Review concerns the question of whether the claimant voluntarily left his most recent employment without good work connected cause. From our examination of the record, we find that the employer failed to utilize the claimant's services after February 23, 1983, due to the fact that the claimant was not certified as a teacher. Under the circumstances, we find that the record will support a finding that the claimant was separated under non-disqualifying circumstances as contemplated by the statute.

Upon appeal to the chancery court and by agreement of the parties, the cause was remanded for additional evidence and, following an evidentiary hearing conducted on May 31, 1984,[1] the Board of Review reaffirmed its prior decision by concluding:

> The Board of Review is of the opinion that the claimant is unemployed because of lack of work.

The chancellor, considering the appeal, stated:

> The first question to be determined is whether Mr. Conn was an employee. That question must be answered affirmatively. The second question is whether Mr. Conn has reasonable assurance that he would continue to be employed. He was advised that certified teachers would be called for services before he would be considered, which is tantamount to dismissal. Upon reviewing the record, this Court is of the opinion that there was plenty of evidence in the record to support the unemployment agency.

We affirm the chancellor.

Appellant's principal contention is Conn should be denied unemployment compensation benefits as a matter of law on the authority of T.C.A., § 50–7–302(7), which, at the time the claim was filed, provided in pertinent part:

> T.C.A., § 50–7–302. *Personal eligibility conditions.*
>
> .    .    .    .    .    .

(7) Benefits based on service in employment defined in § 50–7–207(1)(B) and § 50–7–207(1)(C) shall be payable in the same amount, on the same terms and subject to the same conditions as benefits payable on the basis of other service subject to this chapter; except that:

> (A) With respect to weeks of unemployment beginning after December 31, 1977, in an instructional, research, or principal administrative capacity for an educational institution, benefits shall not be paid based on such services for any week of unemployment commencing during the period between two successive academic years or terms (or, when an agreement provides instead for a similar period between two regular but not successive terms, during such period) or during a period of paid sabbatical leave provided for in the individual's contract, to any individual if such individual performs such services in the first of such academic years or terms and if there is a contract or a reasonable assurance that such individual will perform services in any such capacity for any educational institution in the second of such academic years or terms. Subdivison (6) of this section shall apply with respect to such services prior to January 1, 1978.

This provision was enacted to conform with Public Law No. 94–566 (90 Stat. 2667, October 20, 1976), which extended the eligibility for unemployment benefits to certain employees of state and federal governments except in certain instances involving their unemployment during periods of summer recess at the employing schools. This statutory provision does not, as a matter of law, deny Conn benefits. As the Board of Review noted, Conn's use as a substitute ceased during a school term and his claim was filed during that term. An Indiana court, discussing the efficacy of a statute

1. Evidence that Conn was listed as a substitute teacher by the Cleveland City School system for the 1983–84 school year but had not been utilized was admitted; however, the pertinent evidence should relate to the circumstances existing at the time the claim was filed.

containing substantially the same language, said:

[C]ourts in other jurisdictions have been called upon to interpret and apply similar statutory provisions. Those cases agree that the reason for the statutory disqualification is that the legislatures did not intend to subsidize teachers during their summer vacation periods. *Ortiz v. Commonwealth Unemployment Compensation Board of Review*, (1979) 42 Pa. Cmwlth. 234, 400 A.2d 685; *Milkowski v. Illinois Department of Labor*, (1980) 82 Ill.App.3d 220, 37 Ill.Dec. 644, 402 N.E.2d 646. With that position, we are in full accord. The question thus becomes whether Starbuck was unemployed or merely seeking a subsidized vacation.

*Fort Wayne Community Schools v. Review Bd.*, 428 N.E.2d 1379 (Ind.App.1981).

Conn testified that after he was no longer called to substitute, he made inquiry of a principal of the school where he had been utilized more frequently and made other inquiries. He was advised that preference was given to certified teachers as substitute teachers. The superintendent of the school system testified that it was just "common sense" for the school system to first look to certified teachers when selecting a substitute and conceded that certified teachers were given high priority for use as substitutes. The evidence also established there were more certified teachers available than when Conn first began substituting.

In *Louderback v. Com. Unemployment Comp. Bd. of R.*, 48 Pa.Cmwlth. 501, 409 A.2d 1198, 1200 (Pa.Cmwlth.1980), the fact that laid off regular teachers were given priority over a claimant for future substitute teaching assignments was held a relevant circumstance to consider in determining the likelihood of the claimant's continuing employment. Conn, by virtue of being a substitute teacher, was not guaranteed any employment; however, where he had been utilized on a regular basis, was not called to teach after a certain date and was given plausible reasons for not being called, a basis is established to affirm the board's decision to award Conn unemployment benefits. The board's latitude was explained in *Cawthron v. Scott*, 217 Tenn. 668, 400 S.W.2d 240 (1966), where the Supreme Court observed:

"[W]e need not find that its [the Board's] construction is the only reasonable one or even that it is the result we would have reached had the question arisen in the first instance in judicial proceedings. The 'reviewing court's function is limited'. All that is needed to support the commission's interpretation is that it has 'warrant in the record' and a 'reasonable basis in law'."

217 Tenn., at 674, 400 S.W.2d 240.

Accordingly, we affirm the chancery court judgment and remand at appellant's cost.

PARROTT, P.J., and GODDARD, J., concur.