596 A.2d 1250

**ARMSTRONG SCHOOL DISTRICT, a second class school district, Petitioner,**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Argued May 2, 1991.

Decided Aug. 20, 1991.

Steven P. Fulton, for petitioner.

Maribeth Wilt–Seibert, Asst. Counsel, for respondent.

Before McGINLEY and PELLEGRINI, JJ., and SILVESTRI, Senior Judge.

McGINLEY, Judge.

Armstrong School District (School District) appeals from six orders of the Unemployment Compensation Board of Review (Board) granting benefits pursuant to Section 402.-1(3) of the Unemployment Compensation Law (Law).[1] We reverse.

The six petitions for review that are now before this Court pertain to the award of unemployment compensation benefits during the School District's Christmas recess in the 1988–89 school year and during its Thanksgiving recess in the 1989–90 school year to six per diem substitute school teachers (Claimants). The School District's 1988–89 Christmas recess began at the end of class on Friday, December 23, 1988 and class resumed on Tuesday, January 3, 1989. The School District's Thanksgiving recess in the 1989–90 school year began at the end of class on Tuesday, November 21, 1989 and class resumed on Tuesday, November 28, 1989.

1. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended,* 43 P.S. § 802.1(3).

Claimant Donna K. Kokolis seeks benefits for the Christmas recess in the 1988–89 school year. Ms. Kokolis last worked with Armstrong as a substitute teacher on Monday, December 19, 1988. Ms. Kokolis returned to Armstrong as a substitute teacher on Friday, January 6, 1989. Claimant Marjorie S. Steffy seeks benefits for the Christmas recess in the 1988–89 school year. Ms. Steffy last worked with Armstrong as a substitute teacher on Wednesday, December 21, 1988. Ms. Steffy next worked as a substitute teacher for Armstrong on Wednesday, January 4, 1989. Claimant Brenda Contrael seeks benefits for the Christmas recess in the 1988–89 school year. Ms. Contrael last worked for Armstrong as a substitute teacher on Wednesday, December 21, 1988. Ms. Contrael returned to Armstrong as a substitute teacher on Tuesday, January 3, 1989. Claimant Vance J. Oliger seeks benefits for the Christmas recess in the 1988–89 school year. Mr. Oliger last worked with Armstrong as a substitute teacher on Wednesday, December 21, 1988. Mr. Oliger returned to Armstrong as a substitute teacher for a half day on Tuesday, January 3, 1989.

Claimant Tamara A. Henry seeks benefits for the Thanksgiving recess in the 1989–90 school year. Prior to the recess, Ms. Henry last worked with Armstrong as a substitute teacher on Monday, November 20, 1989. Ms. Henry next worked with Armstrong as a substitute teacher on Tuesday, November 28, 1989. Claimant Joyce V. Niceley seeks benefits for the Thanksgiving recess in the 1989–90 school year. Prior to the recess, Ms. Nicely last worked for Armstrong as a substitute teacher on Friday, November 17, 1989. Following the Thanksgiving recess, her next day of work for Armstrong as a substitute teacher was on Tuesday, November 28, 1989.

Claimants contend that they are entitled to benefits during the period scheduled for holiday recess pursuant to Section 402.1(3) which states:

(3) With respect to any services described in clause (1) or (2), benefits payable on the basis of such services shall be denied to any individual for any week which com-

mences during an established and customary vacation period or holiday recess if such individual performed such services in the period immediately before such vacation period or holiday recess, and there is a reasonable assurance that such individual will perform such services in the period immediately following such vacation period or holiday recess.

43 P.S. § 802.1(3).

Subsequent to evidentiary hearings, referee's decisions were issued affirming the grant of benefits by the Bureau of Unemployment Compensation Benefits and Allowances (Bureau). The School District appealed and the Board affirmed. It is from these six orders that the School District appeals.[2] Our scope of review is limited to determining whether there has been a constitutional violation or an error of law and whether the necessary findings of fact are supported by substantial evidence. 2 Pa.C.S. § 704; *Kirkwood v. Unemployment Compensation Board of Review,* 106 Pa.Commonwealth Ct. 92, 525 A.2d 841 (1987).

The referee's findings of fact reflect that five of the six Claimants worked as per diem substitute teachers for various periods of time ranging from five (5) years to ten (10) years.[3] The referee also found that each of the six Claimants worked for Armstrong on a day no more than four work days before the relevant holiday recess and within four work days following the holiday recess. The referee reasoned that because none of the Claimants worked *both the last day of class prior to the respective holiday recess and the first day of school after the recess,* none of the Claimants had a "reasonable assurance" that their services would be utilized after the holiday recess. Both the referee and the Board concluded that Claimants should not be denied benefits under Section 402.1(3).

**2.** The six petitions for review filed by Armstrong were consolidated by order of this Court dated December 3, 1990.

**3.** The referee's findings of fact recite the dates that Claimant Contrael worked during the time at issue, however the referee failed to find any facts regarding Claimant Contrael's initial hiring date as a substitute teacher.

■ On appeal the School District contends that the referee and Board erred by incorrectly interpreting Section 402.1(3). The School District argues that each Claimant worked "in the period" before the applicable holiday recess and had "reasonable assurance" of returning to work following the recess.[4]

In response to the School District's appeal, the Board asserts deference must be given to the Board's expertise and interpretation of the phrases "in the period" and "reasonable assurance." The Board further contends that an award of benefits is consistent with this Court's ruling in *Haynes v. Unemployment Compensation Board of Review*, 65 Pa.Commonwealth Ct. 541, 442 A.2d 1232 (1982). In *Haynes*, we held that a furloughed full-time teacher who had taught on a part-time substitute basis in the following academic year, was eligible for benefits for the customary holiday weeks. This Court noted in *Haynes* that the teacher had not sought benefits on the basis of his part-time substitute salary but rather on the basis of his full-time earnings during the previous year. *Id.*, 65 Pa.Commonwealth Ct. at 544, 442 A.2d at 1233. . Any reliance on *Haynes* by the Board is misplaced.

As neither "in the period" nor "reasonable assurance" are defined in the law the general words shall be construed according to their common and approved usage. 1 Pa.C.S. § 1903(a); *Unemployment Compensation Board of Review v. Tickle*, 19 Pa.Commonwealth Ct. 550, 339 A.2d 864 (1975). Additionally, all other provisions of a statute shall be liberally construed to effect their objectives and to promote justice. 1 Pa.C.S. § 1928(c). Good sense and practicality are always to be considered in statutory construction. *Commonwealth v. Coleman*, 289 Pa.Superior Ct. 221, 433 A.2d 36 (1981).

■ The Board argues that the term "period" refers to "one day" or alternatively, the phrase "period immediately

---

4. The School District further alleges that the Board's interpretation of Section 402.1(3) is in direct conflict with a Board interpretation of the statute made only five months prior to this appeal. However, the Board's prior order is not before the Court.

before and after" should be interpreted as if the general assembly used the phrase "one day." To permit "in the period" to be defined in the manner that the Board suggests is in opposition to this Court's prior decisions and contrary to the very intent of Section 402.1(3). In *Foremsky v. Unemployment Compensation Board of Review*, 90 Pa.Commonwealth Ct. 609, 496 A.2d 865 (1985), this Court agreed with the Board's determination of ineligibility where the Board found that the teacher had a reasonable assurance of returning to work following the holiday recess, despite the fact that his last working day had occurred twenty-two days prior to the holiday recess. In *Guth v. Unemployment Compensation Board of Review*, 81 Pa.Commonwealth Ct. 79, 473 A.2d 228 (1984), the Court reiterated the interpretation of "reasonable assurance" as the phrase is used in Section 402.1(1) involving the availability of benefits for the period between two successive academic years or a similar period between two regular terms. A reasonable assurance requires "objective evidence of mutual commitment, more than a 'mere hope,' but less than a 'guarantee.'" Relevant factors include employment history, and if the District expects to offer the work, whether the Claimant intends to do the work. Uniformity, consistency and reasonableness require the exact same interpretation of the phrase in Section 402.1(3) concerning the recess periods connected with the holidays.

A review of the individual record of each Claimant reveals that five of the six Claimants have a substantial employment history as per diem substitute teachers with the School District ranging from five (5) to ten (10) years. *See Neshaminy School District v. Unemployment Compensation Board of Review*, 57 Pa.Commonwealth Ct. 543, 426 A.2d 1245 (1981), *Aronson v. Unemployment Compensation Board of Review*, 56 Pa.Commonwealth Ct. 177, 424 A.2d 972 (1981). Secondly, the Board in its brief does not dispute that Claimants were on the "substitute list." Brief for Respondent at 14. *See Bitler v. Unemployment Compensation Board of Review* 56 Pa.Commonwealth Ct. 403, 425 A.2d 54 (1981). It follows that Claimants were reason-

ably assured of returning to work following the holiday recess.

The Board erroneously disregarded the evidence of employment history and mutual commitment and, as noted in the School District's brief, adopted an approach based entirely in hindsight. The decision of the Board is reversed.

## ORDER

AND NOW, this 20th day of August, 1991, the orders of the Unemployment Compensation Board of Review in the above-captioned cases are reversed.