632 A.2d 614

**ALBERT GALLATIN SCHOOL DISTRICT, Petitioner,**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Sept. 13, 1993.

Decided Sept. 30, 1993.

Reargument Denied Nov. 17, 1993.

Dawn L. Svirsko, for petitioner.

Linda S. Lloyd, for respondent.

Before PALLADINO and PELLEGRINI, JJ., and NARICK, Senior Judge.

PALLADINO, Judge.

Albert Gallatin School District (District) appeals from an order of the Unemployment Compensation Board of Review (Board) which affirmed a referee's award of benefits to Delbert L. Griffith (Claimant). We reverse.

Claimant was employed as a custodian for District from November 1989 to May 29, 1992. Except for the summer of 1990 when he was employed on a full-time basis, Claimant's employment with District was as a per diem substitute.

Specifically, during the 1991–92 academic year, Claimant was called on an "as needed" basis. As such, Claimant was in active claim status during that period and collected partial or total benefits depending upon the wages that he earned when work was available. District's 1991–1992 academic year ended in May, 1992.

On May 26, 1992, District offered Claimant a position as a per diem substitute custodian for the 1992–1993 academic year, which began on August 31, 1992. Claimant accepted this offer.

Claimant subsequently filed an application for benefits with the Bureau of Unemployment Compensation Benefits and Allowances (Bureau) for the weeks of summer recess during which he was unemployed. The Bureau denied benefits to Claimant on the basis that he was ineligible under Section 402.1(2) of the Unemployment Compensation Law (Law).[1] Claimant appealed this determination to a referee who reversed. District then appealed to the Board which affirmed the referee's award of benefits.

On appeal to this court, the sole issue presented is whether benefits should be granted to a per diem substitute school employee for the weeks during a summer vacation period, where the employee has a reasonable assurance of employment in the following academic year, based solely on

1. Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802.1(2), added by the Act of July 6, 1977, P.L. 41, *as amended*. Section 402.1(2) provides in pertinent part:

    [w]ith respect to services performed . . . in any other capacity [than an instructional, research or principal administrative capacity] for an educational institution, benefits shall not be paid on the basis of such services to any individual for any week which commences during a period between two successive academic years . . . if such individual performs such services in the first of such academic years . . . and there is a reasonable assurance that such individual will perform such services in the second of such academic years. . . .

the fact that the employee was already receiving benefits prior to the summer vacation period.[2]

The parties to this action do not dispute that Section 402.1(2) of the Law disqualifies a claimant from receiving unemployment compensation benefits for any week which commences during a summer vacation period between succes- sive academic years when the claimant has been performing services in a non-professional capacity for an educational institution in the first of such academic years and the claimant has a reasonable assurance of performing services for an educational institution in the second of such years. 43 P.S. § 802.1(2). The parties also agree that in a line of cases stemming from *Haynes v. Unemployment Compensation Board of Review*,[3] this court has declared that, despite a claimant's having a reasonable assurance of employment in the academic year immediately after a summer vacation period, a claimant is eligible for benefits corresponding to that summer vacation period as long as the claimant is already receiving unemployment compensation benefits before the occurrence of the summer vacation period.

The parties disagree, however, as to whether *Haynes* and its progeny also require that a claimant receive these benefits on the basis of his previous full-time earnings in the applicable base year. It is District's position that they do.

In *Haynes,* we allowed benefits under Section 402.1(3) of the Law,[4] even though the claimant worked intermittently as a substitute teacher on a per diem basis prior to a Thanksgiving holiday and had a reasonable assurance of returning to work

2. Our scope of review is limited to determining whether constitutional rights were violated, an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. *Phoenixville Area School District v. Unemployment Compensation Board of Review,* 141 Pa.Commonwealth Ct. 555, 596 A.2d 889 (1991), *petition for allowance of appeal denied,* 529 Pa. 671, 605 A.2d 335 (1992).

3. 65 Pa.Commonwealth Ct. 541, 442 A.2d 1232 (1982).

4. 43 P.S. § 802.1(3), which denies benefits to a school employee for any week which commences during an established and customary holiday recess if the employee is employed for an educational institution immediately before the holiday recess and has a reasonable assurance of employment in the period immediately following the recess.

after the holiday. We concluded that the claimant, who had been receiving partial benefits by virtue of his per diem earnings, was not ineligible for benefits for the claim weeks during the recess, even though he expected to continue such work when school resumed. We reasoned that the claimant's substitute teaching did not render him "employed" within Section 4(u) of the Law, 43 P.S. § 753(u), and that, therefore, he was receiving benefits on the basis of his previous full-time employment, not for the services he performed as a per diem substitute immediately before the break.

In the cases which followed *Haynes,* this court repeatedly emphasized the importance of a claimant receiving benefits on the basis of his full-time earnings during the applicable base year. *See Foremsky v. Unemployment Compensation Board of Review,* 90 Pa Commonwealth Ct. 609, 496 A.2d 865 (1985) (per diem substitute teacher was denied benefits for the weeks during holiday recesses where his benefits were based on his part-time earnings preceding the recesses); *Snow v. Unemployment Compensation Board of Review,* 95 Pa.Commonwealth Ct. 259, 505 A.2d 383 (1986), *petition for allowance of appeal denied,* 516 Pa. 637, 533 A.2d 95 (1987) (assurance of part-time employment in the fall did not preclude substitute cafeteria worker's receipt of benefits during the summer where her previous employment for benefit purposes had been full time).

In support of its position, the Board relies upon *Soliman v. Unemployment Compensation Board of Review,* 109 Pa.Commonwealth Ct. 581, 531 A.2d 819 (1987), in which this court focused solely on whether the claimant was receiving benefits prior to the holiday break without regard to whether these benefits were based upon his full-time earnings in the applicable base year. The absence of this factor in the *Soliman* analysis, however, does not diminish the factor's importance. In analyzing Section 402.1 cases after *Soliman,* this court continues to consider as a determinative factor whether the benefits which a school employee was receiving prior to a scheduled recess were based upon full-time earnings during the previous year. *E.g., West Greene School District v. Un-*

*employment Compensation Board of Review,* 112 Pa.Commonwealth Ct. 334, 535 A.2d 697 (1988); *Armstrong School District v. Unemployment Compensation Board of Review,* 142 Pa.Commonwealth Ct. 108, 596 A.2d 1250 (1991), *petition for allowance of appeal denied,* 529 Pa. 670, 605 A.2d 334 (1992).

In order to understand the reasoning behind this requirement, it is first necessary to examine the purpose behind Section 402.1. As explained by this court in *Haynes,*

> [t]he intent of the legislature in passing [this section] was to eliminate the payment of benefits to school employees during summer months and other regularly scheduled vacations, on the rationale that such employees are able to anticipate and prepare for these nonworking periods. The law thus recognizes that these employees are not truly unemployed or suffering from economic insecurity during scheduled recesses.

65 Pa.Commonwealth Ct. at 543, 442 A.2d at 1233.

In *Haynes* and its progeny, we permitted an exception to the statutory rule "based upon our disbelief that the legislature when it enacted Section 402.1 meant to include the subject claimants within the rule's broad coverage." *Reskowski v. Unemployment Compensation Board of Review,* 95 Pa.Commonwealth Ct. 280, 284, 505 A.2d 380, 382 (1986), *petition for allowance of appeal granted,* 527 Pa. 658, 593 A.2d 428 (1991). A requirement that a claimant have full-time earnings in his base year is essential because it ensures that the claimant has in fact had a change in his employment status, from full-time to part-time or per diem, which the claimant could not have anticipated or for which he could not have planned. As recognized by District, this requirement guarantees that benefits are granted only to those school employees "who are suffering the vestiges of unemployment because of a change in their employment status." District's Brief at 15.

We, therefore, conclude that in order for a claimant to receive benefits despite having a reasonable assurance of

returning to work the following academic year, the claimant must demonstrate (1) that he was receiving benefits prior to the summer vacation recess and (2) that he was receiving these benefits on the basis of full-time earnings in his base year.

Because Claimant in the present appeal did not have any full-time earnings in the applicable base year and, therefore, the benefits which he was receiving prior to the summer recess were based upon his part-time earnings as a per diem substitute custodian, we conclude that Claimant is not eligible for benefits. Accordingly, the order of the Board is reversed.

## ORDER

AND NOW, September 30, 1993, the order of the Unemployment Compensation Board of Review in the above-captioned matter is reversed.