Ann J. Coffey, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued June 4, 1979, before Judges CRUMLISH, JR., BLATT and DiSALLE, sitting as a panel of three.

*Peter B. Macky,* for petitioner.

*Michael D. Klein,* Assistant Attorney General, with him *Edward G. Biester, Jr.,* Acting Attorney General, for respondent.

OPINION BY JUDGE DISALLE, September 6, 1979:

This is a petition for review of an order of the Unemployment Compensation Board of Review (Board) affirming the referee's denial of benefits to Ann J. Coffey (Claimant). We reverse.

The facts of this highly unusual case are as follows. Claimant became separated from her full-time job with Zurich Lumber Company on December 31, 1976, and was determined eligible for unemployment compensation benefits totalling $64.00 per week. Her partial benefit credit allowed her to earn up to $24.00 per week with no reduction in benefits. In March of 1977, she obtained a part-time job with the Mount Carmel Area School District as a cafeteria employe, earning approximately $25.00 per week. Since her part-time wages exceeded her partial benefit by $1.00, her weekly benefits were reduced by $1.00 to $63.00.

Claimant continued to receive $63.00 per week in benefits until June 6, 1977, when the school term ended. Since she had been assured by the School District that the job awaited her in September, the Bureau of Employment Security terminated all benefits on the grounds that Claimant was no longer available for work within the meaning of Section 401(d) of the Unemployment Compensation Law (Act), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §801(d). *See Hyduchak v. Unemployment Compensation Board of Review,* 35 Pa. Commonwealth Ct. 575, 387 A.2d 669 (1978); *Chickey v. Unemployment Compensation Board of Review,* 16 Pa. Commonwealth Ct. 485, 332 A.2d 853 (1975).

In *Hyduchak,* we denied benefits to school teachers during the summer months, holding that since they expected to return to work in the fall, they were not available for suitable work without limitation. The obvious distinction between *Hyduchak* and the case at bar is that the former involved full-time employes receiving no benefits during their employment, while this case involves a part-time employe who actually received benefits while working at her part-time job.

The Board urges upon us a construction which is bewildering, to say the least. It asks us to hold that Claimant was available for work while she was working but unavailable for work once she became unemployed. That this is an unacceptable result is underscored by the Board's admission that when Claimant returns to work in the fall, she will once again be eligible for benefits!

We shall instead adopt the more sensible approach of *Unemployment Compensation Board of Review v. Fabric,* 24 Pa. Commonwealth Ct. 238, 354 A.2d 905 (1976). That case also involved a claimant who accepted part-time employment while continuing to receive unemployment compensation. We held that an individual's voluntary quit within the meaning of Section 402(b)(1) of the Act, 43 P.S. §802(b)(1), rendered him ineligible for further benefits only to the extent that his part-time earnings decreased his benefits.[1] Here, Claimant's part-time earnings of $25.00

---

[1] Our Court in *Fabric* addressed itself to the Board's argument that allowing claimants to quit part-time jobs with no loss of benefits would encourage serious abuses of the system. We said as follows:

Section 402(b)(1), 43 P.S. §802(b)(1), only disqualifies a claimant whose 'unemployment' is due to voluntarily leaving work without cause of a necessitous and compelling nature. The term 'unemployment' is defined by Section 4(u) of the Act, 43 P.S. §753(u) as follows:

per week, exceeding, as they did, her partial benefit credit by $1.00, decreased her weekly benefits by $1.00. Accordingly, she is disqualified from receiving only $1.00 of the $64.00 she would otherwise be entitled to weekly, and remains eligible for $63.00 per week.

The Board argues that *Fabric* is distinguishable in that it involved a voluntary quit under Section 402(b), while this case involves availability for work under 401(d). We disagree. In *Fabric,* we relied on *Snyder Unemployment Compensation Case,* 194 Pa. Superior Ct. 622, 169 A.2d 578 (1961). The Board in *Fabric* attempted to distinguish *Snyder* on the grounds that it involved a refusal to accept part-time employment under Section 402(a) rather than a voluntary termination. We rejected that distinction, stating that "[b]oth Section 402(a) and Section 402(b)(1) are general ineligibility provisions which are routinely applied in appropriate cases. The Board has pointed to

---

'An individual shall be deemed unemployed . . . (II) with respect to any week of less than his full-time work if the remuneration paid or payable to him with respect to such week is less than his weekly benefit rate plus his partial benefit credit.'

We read this provision, together with Section 402(b)(1), to require that the Board establish that a claimant's actual benefits would be increased by virtue of the loss of a part-time job. In other words, the part-time job must have yielded income in excess of the partial benefit credit (and thus decreased the amount of the weekly benefits payable) before a claimant can be denied any benefits because of a voluntary separation. Under the statutory definition, a claimant is only 'unemployed' due to his voluntary separation to the extent of the wages he was earning; and we see no provision in the Act which requires or authorizes the Board to deny *all* of the claimant's benefits.

*Id.* at 241, 354 A.2d at 907. Since in *Fabric,* the claimant's partial benefit credit exceeded his part-time earnings, those earnings did not decrease his weekly benefits, and when he quit, he remained eligible for the same amount of benefits he received while working part-time.

nothing inherent in Section 402(b)(1) which would render the application of the procedure followed in *Snyder* . . . illogical, unwise, or contrary to the purposes of the Act." *Fabric, supra,* 24 Pa. Commonwealth Ct. at 242, 354 A.2d at 908.

Like Sections 402(a) and 402(b), Section 401(d) is essentially an ineligibility provision, appearing as it does under the heading "Qualifications required to secure compensation." Furthermore, we see no reason, and the Board furnishes none, to accord favorable treatment to a part-time employe who voluntarily quits his job for non-necessitous reasons, while denying similar treatment to an individual who loses her part-time job through no fault of her own.

We reverse.

ORDER

AND Now, this 6th day of September, 1979, the order of the Unemployment Compensation Board of Review, dated April 6, 1978, affirming the referee's denial of benefits to Ann J. Coffey, is hereby reversed and the case is remanded for a computation of benefits consistent with this opinion.