William T. Haynes, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued February 1, 1982, before Judges MENCER, BLATT and DOYLE, sitting as a panel of three.

*Catherine C. O'Toole,* for petitioner.

*William J. Kennedy,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE MENCER, March 31, 1982:

William T. Haynes (claimant) has appealed from an order of the Unemployment Compensation Board of Review (Board) denying him benefits for the weeks ending November 25 and December 2, 1978, pursuant to Section 402.1(3) of the Unemployment Compensation Law (Act), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* added by Section 5 of the Act of July 6, 1977, P.L. 41, 43 P.S. §802.1(3). We reverse.

Claimant had been employed as a full-time professional employee by the Aliquippa School District (District) when he was laid off at the end of the 1977-78 school year due to economic conditions in the District.[1] In August 1978, claimant applied for and received unemployment benefits. During the 1978-79 school year, claimant worked intermittently for the District as a substitute teacher on a per diem basis, while continuing to receive partial benefits. The Board, however, denied benefits on the basis of Section 402.1(3) of the Act for the weeks ending November 25 and December 2, 1978, when the District schools were closed for the Thanksgiving holiday on November 23, 24, and 27, 1978.

---

[1] Although claimant was notified of his layoff in June, he taught summer school in the District under a federal program from June until August 1978. Claimant also had been employed by the District as a full-time teacher during the 1975-76 school year and as a substitute teacher during the 1976-77 school year.

Section 402.1(3) of the Act provides as follows:

(3) With respect to [services performed in an educational institution], benefits payable on the basis of such services shall be denied to any individual for any week which commences during an established and customary vacation period or holiday recess if such individual performed such services in the period immediately before such vacation period or holiday recess, and there is a reasonable assurance that such individual will perform such services in the period immediately following such vacation period or holiday recess.

The Board submits that Section 402.1(3) precludes the payment of benefits to claimant during the weeks in issue because he worked as a per diem substitute approximately one day a week in the term prior to the Thanksgiving holiday and had a reasonable assurance of substitute teaching after the recess. We cannot agree with the Board that Section 402.1(3) applies to this situation.

The intent of the legislature in passing Section 402.1 was to eliminate the payment of benefits to school employees during summer months and other regularly scheduled vacations, on the rationale that such employees are able to anticipate and prepare for these nonworking periods. The law thus recognizes that these employees are not truly unemployed or suffering from economic insecurity during scheduled recesses.

The same cannot be said for the claimant in this case. He had been unemployed since August 1978, and his substitute teaching for 15 days in the fall semester of 1978 did not render him "employed," since Section 4(u) of the Act, 43 P.S. §753(u), provides that "[a]n individual shall be deemed unemployed . . . (II) with respect to any week of less than his full-time work if

the remuneration paid or payable to him with respect to such week is less than his weekly benefit rate plus his partial benefit credit.'' It is undisputed that claimant's remuneration was less than his weekly benefit rate plus his partial benefit credit.[2]

Applying these facts to the language of Section 402.1(3), it is clear that claimant was not being paid benefits for the services he performed immediately before the holiday recess as a per diem substitute; claimant was being paid benefits on the basis of the full-time services he had performed during the 1977-78 school year. Indeed, rather than being the basis for the payment of benefits, claimant's substitute teaching produced additional income which reduced the amount of compensation that he was entitled to receive.[3]

The Board's reliance upon *Goralski v. Unemployment Compensation Board of Review*, 48 Pa. Commonwealth Ct. 39, 408 A.2d 1178 (1979), and *Hansen v. Unemployment Compensation Board of Review*, 54 Pa. Commonwealth Ct. 524, 422 A.2d 709 (1980), is misplaced, since these cases concern claimants who sought benefits during the summer recess based upon their services as substitute teachers. We reiterate that the

---

[2] The Act defines "partial benefit credit" as

that part of the remuneration, if any, paid or payable to an individual with respect to a week for which benefits are claimed under the provisions of this act, which is not in excess of forty per centum (40%) of the individual's weekly benefit rate or six dollars whichever is the greater.

Section 4(m.3) of the Act, added by Section 5 of the Act of September 27, 1971, P.L. 466, 43 P.S. §753(m.3).

[3] Section 404(d) of the Act, 43 P.S. §804(d), provides that each eligible employe who is unemployed . . . shall be paid, with respect to such week, compensation in an amount equal to his weekly benefit rate less the total of (i) the remuneration, if any, paid or payable to him with respect to such week for services performed which is in excess of his partial benefit credit. . . .

claimant here did not seek benefits on the basis of the substitute teaching he performed immediately before the Thanksgiving vacation.

Accordingly, we enter the following

ORDER

AND Now, this 31st day of March, 1982, the order of the Unemployment Compensation Board of Review, dated October 20, 1980, denying benefits to William T. Haynes for the weeks ending November 25 and December 2, 1978, is reversed, and the case is remanded to the Unemployment Compensation Board of Review for the computation of benefits.

