Julie Weirich, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs May 13, 1985, to President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge BLATT, sitting as a panel of three.

*Ronald P. Langella, Henry & Langella,* for petitioner.

*James K. Bradley,* Associate Counsel, with him, *Charles G. Hasson,* Acting Deputy Chief Counsel, for respondent.

OPINION BY JUDGE BLATT, July 24, 1985:

Julie Weirich (petitioner) appeals here from an order of the Unemployment Compensation Board of Review (Board) affirming a referee's determination that she was ineligible for benefits for the weeks ending June 11, 18 and 25, 1983 pursuant to Section 402.1 (1) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937)

2897, *as amended,* added by Section 5 of the Act of
July 6, 1977, P.L. 41, 43 P.S. §802.1(1).

The petitioner had been employed as a full-time
professional teacher by the Johnsonburg Area School
District until May 1981, when she was suspended from
her position because of declining enrollment. When
school began again in the fall the petitioner accepted
employment with the district as a per diem substitute
teacher, earning forty dollars per day and averaging
two days' work per week. As a result, she became
eligible for partial unemployment benefits, and re-
ceived such benefits, subject to the appropriate ad-
justments,[1] throughout the 1982-1983 school year. At
the end of that year, however, she was determined to
be ineligible to receive benefits during the weeks in
question, pursuant to Section 402.1(1) of the Act,
which provides:

> With respect to service performed . . . in an
> instructional . . . capacity for an educational
> institution, benefits shall not be paid based on
> such services for any week of unemployment
> commencing during the period between two suc-
> cessive academic years, or during a similar peri-
> od between two regular terms . . . if such indi-
> vidual performs such services in the first of
> such academic years or terms and if there is
> a . . . reasonable assurance that such individual
> will perform services in any capacity for any
> educational institution in the second of such
> academic years or terms.

---

[1] Claimants are provided with a partial benefit credit in the
amount of forty percent of their weekly benefit rate, Section 4 (m. 3)
of the Act, 43 P.S. §753(m. 3), and they are entitled to receive un-
employment compensation benefits at prescribed rates, less any re-
muneration which exceeds the partial benefit rate, Section 404(d)
of the Act, 43 P.S. §804(d).

This determination was appealed, and, following a referee's hearing an order was entered affirming the determination. This resulted in the appeal to the Board.

While the facts are essentially undisputed, the petitioner contends that error was committed in ruling her ineligible pursuant to Section 402.1(1) of the Act.[2] She argues that it is improper to apply that section to bar her continued receipt of the benefits which she had been receiving prior to the summer-break interruption of such part-time employment. She suggests that we apply the rationale used in our interpretation of the similar provisions of Section 402.1(3), which were construed in a comparable situation in *Haynes v. Unemployment Compensation Board of Review*, 65 Pa. Commonwealth Ct. 541, 442 A.2d 1232 (1982).

Section 402.1(3) provides:

With respect to any services described in clause (1) [43 P.S. §802.1(1)] or (2), benefits payable on the basis of such services shall be denied to any individual for any week which commences during an established and customary vacation period or holiday recess if such individual performed such services in the period immediately before such vacation period or . . . recess, and there is a reasonable assurance that such individual will perform such services in the period immediately following such vacation period or holiday recess.

43 P.S. §802.1(3).

In *Haynes*, we held that a per diem substitute school teacher working one day per week, who had been

---

[2] The petitioner also contests the determination that she had a reasonable assurance of employment when school resumed. In light of our resolution of this matter, however, we need not address this issue.

receiving partial unemployment benefits reduced by his per diem earnings, was not ineligible for claim weeks while schools were closed for Thanksgiving recess, even though he expected to continue such work when school resumed. We observed there that the claimant's per diem teaching did not render him "employed" within Section 4(u) of the Act, 43 P.S. §753 (u), and that, therefore, he was receiving benefits on the basis of his previous full-time employment, not for the services he performed immediately before and after the break.

The Board urges that *Haynes* should be limited to its facts and that it is distinguishable as involving a different subsection of the Act. It argues that the only factors to be considered are whether or not the claimant is subject to Section 402.1(1) and whether or not the period of unemployment arises during a break or recess. It cites a number of cases in support, including *DeLuca v. Unemployment Compensation Board of Review*, 74 Pa. Commonwealth Ct. 80, 459 A.2d 62 (1983). We believe, however, that the cases cited are inapposite to the matter *sub judice*, inasmuch as the issue raised here, as a result of benefits already having been received, was not presented in any of those cases. Contrary to the Board's assertion, moreover, we believe that *Haynes* provides the best guidance in resolving this matter.

A comparison of subsections 402.1(1) concerned here and 402.1(3) involved in *Haynes* reflects that both utilize similar language to disqualify a claimant from receiving benefits based upon services rendered prior to a school "break" where there is a reasonable assurance that the person will perform services for an educational institution after the break. The primary difference is that 402.1(1) is concerned with the period between terms or academic years, while 402.1(3)

concerns holiday and vacation periods, presumably within such terms or academic years.

We believe that the result suggested by acceptance of the Board's position would be contrary to the legislative intent underlying Section 402.1.

> The intent of the legislature in passing Section 402.1 was to eliminate the payment of benefits to school employees during summer months and other regularly scheduled vacations, on the rationale that such employees are able to anticipate and prepare for those nonworking periods. The law thus recognizes that these employees are not truly unemployed or suffering from economic insecurity during scheduled recesses.

*Haynes* at 543, 442 A.2d at 1233.

The petitioner here had already been determined to be unemployed and was already receiving benefits prior to the break. It appears, moreover, that she would again be eligible to receive benefits upon its termination, but not during the break. She was, however, no less unemployed during the break than she had been, either before or afterwards.[3] We believe, therefore, that it would be counter to the legislative intent of Section 402.1 to permit the Board to suspend the payment of unemployment compensation benefits already awarded and being paid to an other-

---

[3] In a different context, we have previously noted that the situation presented where full-time employees receive no benefits during their employment calls for a different approach than where a part-time employee actually received benefits while working the job available. *Coffey v. Unemployment Compensation Board of Review*, 45 Pa. Commonwealth Ct. 454, 405 A.2d 1012 (1979). *Coffey* concerned the issue of whether a claimant who had undertaken a part-time job with a school while she was collecting benefits was disqualified from receiving benefits altogether during the school's summer break pursuant to the requirements that a claimant be available for work, Section 402(a) of the Law, 43 P.S. §802(a).

wise eligible claimant solely through the fortuitous occurrence, during the course of her unemployment, of a school's break between academic years.

We will, therefore, reverse the order of the Unemployment Compensation Board of Review.

## ORDER

AND Now, this 24th day of July, 1985, the order of the Unemployment Compensation Board of Review in the above-captioned matter is reversed.