Allan John Foremsky, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs February 14, 1985, to President Judge CRUMLISH, JR., Judge ROGERS and Senior Judge KALISH, sitting as a panel of three.

*Ronald N. Watzman,* with him, *Shelley W. Elovitz,* for respondent.

*Mary Drake Korsmeyer, Peacock, Keller, Yohe, Day & Ecker,* for respondent.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., August 5, 1985:

Allan Foremsky appeals an Unemployment Compensation Board of Review order[1] reversing a referee's decision and denying him benefits pursuant to Section 402.1(3) of the Unemployment Compensation Law.[2]  We affirm.

Foremsky, a per diem substitute teacher in the Elizabeth Forward School District, contends that he is entitled to benefits for the weeks ending when the District schools were closed for the 1982 Thanksgiving and Christmas recesses.  Section 402.1(3) states:

(3)  With respect to any services [performed for an educational institution] benefits payable on the basis of such services shall be denied to any individual for any week which commences during an established and customary . . . holiday recess if such individual performed such services in the period immediately before such . . . recess, and there is a reasonable assurance that such individual will perform such services in the period immediately following such . . . recess.

The Board denied Foremsky benefits for those two weeks on the ground that he worked for the School

---

[1] Foremsky's petition for review before this Court challenges the Board's order of May 19, 1983, No. B-218274, covering the compensable weeks ending December 4, 1982 and January 1, 1983 (Thanksgiving and Christmas recess, respectively) as well as the Board's orders of May 20, 1983, Nos. B-218317 and B-218318, covering the compensable weeks ending June 19 and June 26, 1982, and July 10 through July 31, 1982 (the summer vacation period).

However, in his brief, Foremsky seeks our review of the Board's May 19th order, No. B-218274 only.  Although the brief for the intervenor school district also addresses the decisions issued in the latter two orders covering the summer vacation period, it appears that Foremsky appeals only order No. B-218274 covering benefits for the holiday recess.

[2] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, as amended, 43 P.S. §802.1(3).

District prior to the Thanksgiving and Christmas recesses and was reasonably assured of returning to work following those periods. Reasonable assurance is a matter to be determined by the Board based on relevant facts. *Guth v. Unemployment Compensation Board of Review*, 81 Pa. Commonwealth Ct. 79, 473 A.2d 228 (1984).

In determining that Foremsky had a reasonable assurance of returning to work as a part-time substitute teacher following the Thanksgiving and Christmas holidays, the Board noted Foremsky's employment history as a per diem substitute during the past two academic years. Moreover, the record reveals "objective evidence[3] of mutual commitment between the teacher and employer so that a teacher has a reasonable expectation of returning to employment," which this Court has required for a finding of reasonable assurance. *Id.* at 82, 473 A.2d at 230 (1981).

Foremsky contends, however, that he is entitled to benefits under this Court's ruling in *Haynes v. Unemployment Compensation Board of Review*, 65 Pa. Commonwealth Ct. 541, 442 A.2d 1232 (1982). We disagree.

In *Haynes* we held that the claimant, a furloughed full-time teacher who taught on a part-time substitute basis in the following academic year, was eligible for benefits for the customary holiday weeks. We noted

---

[3] Foremsky was placed on the school district's substitute teachers list and was notified by letter that he would have a reasonable assurance of substitute teaching work during the 1982-83 school year. These two factors, as well as Foremsky's history of being re-employed as a per diem substitute, are important factors in determining a reasonable assurance of returning to work. *Neshaminy School District v. Unemployment Compensation Board of Review*, 57 Pa. Commonwealth Ct. 543, 426 A.2d 1245 (1981). Although reasonable assurance may not be interpreted in hindsight, *see Guth*, we note, as did the Board, that Foremsky returned to work in the same capacity after each of the holiday recesses.

that the claimant there did not seek benefits on the basis of his part-time substitute salary but rather on the basis of his *full-time* earnings during the previous year (his base year for computing benefits). *Id.* at 544, 442 A.2d at 1233. In contrast, the Board found that Foremsky's benefits were based on his *part-time* earnings preceding the holiday recesses, the *same* wages which he had a reasonable assurance of earning after the recesses.

For these reasons, we hold that the Board properly concluded that Foremsky was ineligible for benefits.

Affirmed.

ORDER

The order of the Unemployment Compensation Board of Review, No. B-218274 dated May 19, 1983, is affirmed.