505 A.2d 383

Lavina R. Snow, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs November 14, 1985, to Judges MacPhail and Doyle, and Senior Judge Barbieri, sitting as a panel of three.

*William J. Maikovich,* for petitioner.

*James K. Bradley,* Associate Counsel, with him, *Charles G. Hasson,* Acting Deputy Chief Counsel, for respondent.

OPINION BY SENIOR JUDGE BARBIERI, February 24, 1986:

Lavina R. Snow (Claimant) appeals here the decision and order of the Unemployment Compensation Board of Review (Board) denying her benefits pursuant to that provision of the Unemployment Compensation Law (Law) which precludes payment of benefits to claimants who are employees of educational institutions, are between successive academic terms and have reasonable assurance of working in some capacity the coming term.[1]

Claimant was furloughed from her cafeteria job for the Chartiers Houston School District at the end of the 1982-83 school year but was retained as a substitute in which capacity she worked through the 1983-84 school year. Concurrently, she received partial unemployment compensation representing her entitlement, based upon her prior full-time earnings, less her current part-time earnings. Claimant was notified by the School District at the end of the school year that

---

[1] Section 402.1(2) of the Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802.1(2). The provision reads as follows:

(2) With respect to services performed after October 31, 1983, in any other capacity for an educational institution, benefits shall not be paid on the basis of such services to any individual for any week which commences during a period between two successive academic years or terms if such individual performs such services in the first of such academic years or terms and there is a reasonable assurance that such individual will perform such services in the second of such academic years or terms.

she would be on the substitute list again for the 1984-85 school year. Several schools in the District were closed at the end of the 1983-84 school year with the result that four regular cafeteria school workers with greater seniority were laid off. The Board concluded that, although Claimant was fifth on the list to be called for substitute cafeteria work, it could not be said that Claimant did not have reasonable assurance of employment in the 1984-85 school year and that, therefore, Claimant was ineligible to receive benefits during the summer recess.

On appeal, Claimant makes alternative arguments; that under the rationale of *Haynes v. Unemployment Compensation Board of Review,* 65 Pa. Commonwealth Ct. 541, 442 A.2d 1232 (1982), the Board erred as a matter of law in denying her unemployment benefits during the summer recess, or, that she is eligible to receive benefits because, since she is fifth on the list of substitutes, she has no reasonable assurance of employment in the coming academic term.

In *Haynes,* the claimant, a furloughed full-time professional employee, had been denied benefits pursuant to Section 402.1(3) of the Law.[2]  Haynes had been laid off at the end of the 1977-78 school year and worked intermittently as a per-diem substitute during the 1978-79 school year. In awarding benefits to Haynes for the time period the district schools were closed for the Thanksgiving holidays, this Court ex-

---

[2] 43 P.S. §802.1(3) which provides:

(3)  With respect to any services described in clause (1) or (2), benefits payable on the basis of such services shall be denied to any individual for any week which commences during an established and customary vacation period or holiday recess if such individual performed such services in the period immediately before such vacation period or holiday recess, and there is a reasonable assurance that such individual will perform such services in the period immediately following such vacation period or holdiay recess.

pressed its disbelief that the legislature in passing Section 402.1 meant to exclude Haynes from eligibility for benefits since he truly was suffering from economic insecurity and was not merely unemployed for pre-designated blocks of time.

We have recently extended the *Haynes* rationale to allow benefits during the summer recess to a per-diem substitute teacher otherwise ineligible under Section 402.1(1) of the Law.[3] *Weirich v. Unemployment Compensation Board of Review,* 90 Pa. Commonwealth Ct. 528, 496 A.2d 97 (1985). The claimant in *Weirich* had already determined to be unemployed and had been receiving benefits prior to the summer recess and would again receive benefits at the recess' end. We noted that she was no less unemployed during the break than before or after the break and held, therefore, that it would be counter to the legislative intent of Section 402.1 to permit the Board to suspend the payment of unemployment compensation benefits to an otherwise eligible claimant because of the school's break between academic terms.

Similarly, in this case, we believe it would be counter to the legislative intent of Section 402.1(2) to suspend Claimant's benefits during the School Dis-

---

[3] 43 P.S. §802.1(1) which provides:

(1) With respect to service performed after December 31, 1977, in an instructional, research, or principal administrative capacity for an educational institution, benefits shall not be paid based on such services for any week of unemployment commencing during the period between two successive academic years, or during a similar period between two regular terms whether or not successive or during a period of paid sabbatical leave provided for in the individual's contract, to any individual if such individual performs such services in the first of such academic years or terms and if there is a contract or a reasonable assurance that such individual will perform services in any such capacity for any educational institution in the second of such academic years or terms.

trict's summer recess. Assurance of part-time employment in the fall should not preclude her receipt of benefits during the summer where her previous employment for benefit purposes had been full time.

Accordingly, the Board's order will be reversed and benefits allowed. Thus, we need not reach Claimant's alternative argument that, because she is fifth on the list of substitute cafeteria workers, she has no reasonable assurance of employment in the coming academic term. In passing, however, we note that relative rank on the seniority list is not a factor in determining the existence of reasonable assurance. *See McCuen v. Unemployment Compensation Board of Review,* 87 Pa. Commonwealth Ct. 65, 486 A.2d 552 (1985).

ORDER

AND Now, this 24th day of February, 1986, the order of the Unemployment Compensation Board of Review, No. B-235884, dated November 9, 1984, is reversed and benefits are allowed.