505 A.2d 380

Ronald Reskowski, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued November 14, 1985, before Judges Mac-Phail and Doyle, and Senior Judge Barbieri, sitting as a panel of three.

*Lorraine M. Bittner,* for petitioner.

*Charles G. Hasson,* Acting Deputy Chief Counsel, with him, *James K. Bradley,* Associate Counsel, for respondent.

Opinion by Senior Judge Barbieri, February 25, 1986:

Claimant Ronald Reskowski appeals here the order of the Unemployment Compensation Board of Review (Board) affirming the referee and disallowing benefits pursuant to Section 402.1(1) of the Unemployment Compensation Law (Law)[1] which prevents employees serving in an instructional capacity from collecting benefits during the recess between successive academic terms if there is reasonable assurance of such employment in the second academic term.

The referee determined that, because Claimant, who had worked 52 days .during the 1982-83 school year

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, added by Section 5 of the Act of July 6, 1977, P.L. 41, 43 P.S. §802.1(1).

as a per diem substitute teacher and also received partial unemployment compensation, had agreed to have his name placed on the list of substitute teachers for the 1983-84 school year, he had reasonable assurance of employment in the next academic term and was, therefore, totally precluded from receiving benefits during the summer recess. The Board affirmed and, on appeal, Claimant makes alternative arguments regarding his eligibility for benefits, and, in addition, questions whether his due process rights were violated when the referee proceeded with the hearing despite the absence of Claimant's attorney.

The Claimant, whose base year full-time employment was not with the school district, argues first, that, as a result of the school district's furlough of over 170 teachers having contractual priority over Claimant, his relative rank on the list of substitute teachers is such that he does not have reasonable assurance of employment in the coming academic term.

In the alternative, Claimant argues that even if he does have reasonable assurance, he is still entitled to partial benefits pursuant to this Court's decision in *Coffey v. Unemployment Compensation Board of Review*, 45 Pa. Commonwealth Ct. 454, 405 A.2d 1012 (1979). In *Coffey,* the claimant had been collecting full benefits based upon her separation from a full-time job at a lumber company. She then obtained a part-time job as a cafeteria worker for a school district. Because her earnings with the school district were less than the total of her weekly benefit rate plus her partial benefit credit, she continued to receive partial benefits. The Board then terminated all of her benefits when the summer recess began based upon her unavailability [Section 401(d)(1),[2] the section

---

[2] 43 P.S. §801(d)(1) which provides:

Compensation shall be payable to any employe who is or becomes unemployed, and who—

used to disqualify employees of educational institutions prior to codification of Section 402.1] for summer work due to her assurance of having work with the school district in the next school term. We reversed the Board and allowed partial unemployment compensation pursuant to the rationale enunciated in *Unemployment Compensation Board of Review v. Fabric,* 24 Pa. Commonwealth Ct. 238, 354 A.2d 905 (1976).[3]

Since *Coffey,* this Court has decided three cases under Section 402.1 of the Law: *Haynes v. Unemployment Compensation Board of Review,* 65 Pa. Commonwealth Ct. 541, 442 A.2d 1232 (1982), *Weirich v. Unemployment Compensation Board of Review,* 90 Pa. Commonwealth Ct. 528, 496 A.2d 97 (1985), and *Snow v. Unemployment Compensation Board of Review,* 95 Pa. Commonwealth Ct. 259, 505 A.2d 383 (1986). In *Haynes,* we permitted payment of benefits to a per-diem substitute teacher otherwise ineligible under Section 402.1(3) of the Law[4] for the claim weeks the school district was closed for the Thanksgiving holiday. In *Snow,* we permitted payment of benefits to a substitute cafeteria worker other-

---

(d)(1) Is able to work and available for suitable work . . .

[3] In *Fabric,* we held that a part-time employe's voluntary quit reviewable under Section 402(b)(1), 43 P.S. §802(b)(1), renders him ineligible for further benefits only to the extent his part-time earnings decreased his benefits.

[4] 43 P.S. §802.1(3) which provides:

(3). With respect to any services described in clause (1) or (2), benefits payable on the basis of such services shall be denied to any individual for any week which commences during an established and customary vacation period or holiday recess if such individual performed such services in the period immediately before such vacation period or holiday recess, and there is a reasonable assurance that such individual will perform such services in the period immediately following such vacation period or holiday recess.

wise ineligible under Section 402.1(2)[5] of the Law for claim weeks the school district was closed for the summer recess. In *Weirich,* we permitted payment of benefits to a per-diem substitute teacher otherwise ineligible under Section 402.1(1) of the Law for the claim weeks the school district was closed for the summer recess. In each case we permitted an exception to the statutory rule based upon our disbelief that the legislature when it enacted Section 402.1 meant to include the subject claimants within the rule's broad coverage. The rule was established to preclude receipt of benefits by school employees who, during holidays and summer recesses, are unemployed but, because they can plan for those occasional periods of unemployment, are not truly experiencing the suffering the Unemployment Compensation Law was meant to alleviate. We reasoned in *Haynes, Weirich,* and *Snow,* however, that the subject claimants were just as "unemployed" (meaning that their earnings as substitutes were not significant enough to prevent their receipt of unemployment compensation) before and after the holidays and summer recesses, and the promise of such continued "unemployment" should not preclude their receipt of benefits during the holidays and recesses as long as they continued to be financially eligible (meaning sufficient base year wages calculated by adding the wages earned in the first four of the five calendar quarters preceding the date of the application for benefits).

---

[5] 43 P.S. §802.1(2) which provides:

(2) With respect to services performed after October 31, 1983, in any other capacity for an educational institution, benefits shall not be paid on the basis of such services to any individual for any week which commences during a period between two successive academic years or terms if such individual performs such services in the first of such academic years or terms and there is a reasonable assurance that such individual will perform such services in the second of such academic years or terms.

Our decision in *Weirich* is controlling, and, accordingly, we hold in the instant case that the Claimant's promise of continuing substitute work in the fall when school resumes should not preclude his receipt of benefits during the summer months provided he is financially eligible. The Board's order will be reversed and benefits allowed. We, therefore, need not address Claimant's alternative argument nor his due process argument.

## ORDER

AND Now, this 25th day of February, 1986, the order of the Unemployment Compensation Board of Review, No. B-222611, dated September 23, 1983, is hereby reversed and benefits are allowed.