528 A.2d 1082

Hopewell Area School District, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs January 23, 1987, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*William Fearen,* with *Steven A. Stine, Cleckner and Fearen,* for petitioner.

*Clifford F. Blaze,* Deputy Chief Counsel, for respondent.

*William J. Maikovich,* for intervenor, Rina A. D'Eramo.

OPINION BY SENIOR JUDGE BARBIERI, July 29, 1987:

Hopewell Area School District (District) appeals an order of the Unemployment Compensation Board of Review (Board) granting benefits to Rina A. D'Eramo (Claimant) for the weeks ending December 31, 1983, and January 7, 1984.

Claimant was employed as a full-time faculty member with the District for the 1981-82 school year. At the end of the school year, Claimant was furloughed as a result of a faculty reduction in the District. Beginning in mid-November of 1982, Claimant worked as a permanent substitute under contract with the District for the remainder of the 1982-83 school year. This contract was not renewed,[1] and Claimant worked for the District as a per diem substitute until her last day of work, which was December 19, 1983.[2] District schools were closed from December 23, 1983, to January 2, 1984, for the Christmas holidays. The Board, affirming the referee,[3] granted Claimant benefits for a two-week period during the Christmas break.

On appeal, the District contends that Claimant is ineligible for benefits for the weeks in question pursuant to Section 402.1(3) of the Unemployment Compensation Law,[4] which provides as follows:

(3) With respect to [services performed for an educational institution], benefits payable on the basis of such services shall be denied to any individual for any week which commences during an established and customary vacation period or holiday recess if such individual performed such

---

[1] At the time of the hearing before the referee, Claimant testified that she was again working for the District as a permanent substitute under contract effective January 19, 1984. Notes of Testimony from February 14, 1984, hearing (N.T.) at 2.

[2] Claimant also worked on January 3, 1984, which fell within one of the claim weeks.

[3] Initially, the Board reversed the referee's finding of eligibility. Claimant appealed the Board's decision to this Court and, pursuant to a stipulation between Claimant and the Board, we remanded for reconsideration. Upon reconsideration, the Board vacated its initial decision and affirmed the referee's decision granting benefits.

[4] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802.1(3).

services in the period immediately before such vacation period or holiday recess, and there is a reasonable assurance that such individual will perform such services in the period immediately following such vacation period or holiday recess.

In *Haynes v. Unemployment Compensation Board of Review*, 65 Pa. Commonwealth Ct. 541, 442 A.2d 1232 (1982), we held that a per diem substitute teacher was not ineligible for benefits, under Section 402.1(3) of the Act, for the period the district schools were closed for the Thanksgiving holiday. The claimant in *Haynes* had been furloughed from his position as a full-time teacher at the end of the 1977-78 school year. He worked intermittently as a substitute for the following school year while receiving partial benefits. In awarding benefits to the claimant in *Haynes*, we reasoned that the legislative intent behind Section 402.1 of the Act was to preclude receipt of benefits by those school employees who, although unemployed during school holidays and vacations, are able to plan for these occasional periods of unemployment and are not truly suffering from the economic insecurity which the Act was intended to alleviate. There, the claimant's per diem teaching did not render him "employed"[5] within the meaning of the Act and, therefore, he was receiving benefits on the basis of his previous full-time employment, rather than on those part-time services performed immediately prior to the school holiday.

---

[5] Section 4(u) of the Act, 43 P.S. §753(u), provides that an individual is deemed unemployed "(11) with respect to any week of less than his full-time work if the remuneration paid or payable to him with respect to such week is less than his weekly benefit rate plus his partial benefit credit." Section 4(m.3) of the Act, 43 P.S. §753(m.3), provides claimants with a partial benefit credit of 40% of their weekly benefit rate. Section 404(d) of the Act, 43 P.S. §804(d), entitles claimants to compensation equal to the weekly benefit rate less any remuneration which exceeds the partial benefit credit.

Extending the *Haynes* rationale, we have granted benefits to per diem substitute teachers who would otherwise be disqualified under Section 402.1(1) of the Act,[6] for those weeks their school districts were closed for summer recess. *Coolidge v. Unemployment Compensation Board of Review*, 92 Pa. Commonwealth Ct. 392, 499 A.2d 409 (1985); *Reskowski v. Unemployment Compensation Board of Review*, 95 Pa. Commonwealth Ct. 280, 505 A.2d 380 (1986); *Weirich v. Unemployment Compensation Board of Review*, 90 Pa. Commonwealth Ct. 528, 496 A.2d 97 (1985). We have further extended the *Haynes* rationale to Section 402.1(2) of the Act[7] in permitting benefits to a school cafeteria worker for the weeks the school district was closed for the summer re-

---

[6] 43 P.S. §802.1(1), which provides that:

(1) With respect to [services performed in an institutional, research, or principal administrative capacity] for an educational institution, benefits shall not be paid based on such services for any week of unemployment commencing during the period between two successive academic years, or during a similar period between two regular terms whether or not successive or during a period of paid sabbatical leave provided for in the individual's contract, to any individual if such individual performs such services in the first of such academic years or terms and if there is a contract or a reasonable assurance that such individual will perform services in any such capacity for any educational institution in the second of such academic years or terms.

[7] 43 P.S. §802.1(2), which provides that:

(2) With respect to services performed [other than those performed in an instructional, research, or principal administrative capacity] for an educational institution, benefits shall not be paid on the basis of such services to any individual for any week which commences during a period between two successive academic years or terms if such individual performs such services in the first of such academic years or terms and there is a reasonable assurance that such individual will perform such services in the second of such academic years or terms.

cess. *Snow v. Unemployment Compensation Board of Review*, 95 Pa. Commonwealth Ct. 259, 505 A.2d 383 (1986).

Claimant's contract as a permanent substitute was not renewed for the 1983-84 school year. She applied for and began receiving benefits in September of 1983, when she began substituting intermittently on a per diem basis. A careful review of the record reveals that Claimant's per diem substitute teaching did not render her employed within the meaning of the Act and, therefore, she was receiving benefits. Further, these benefits were based on her prior full-time employment. Claimant's base year,[8] for eligibility purposes, consisted of the last three (3) quarters of 1982 and the first quarter of 1983. Claimant was permanently employed as a full-time teacher in April of 1982 and through the close of the 1981-82 school year. Beginning in mid-November of 1982, Claimant, although classified as a substitute, worked full time under contract through the close of her base year. Therefore, Claimant's benefits were based on her full-time services, rather than her per diem substitute teaching. As we noted in *Haynes*, the per diem substitute teaching produced additional income which reduced the amount of benefits to which she was entitled.

Claimant was already receiving benefits prior to the Christmas break. As we reasoned in *Weirich*, she was no less unemployed during the break than before, and, therefore, the legislative intent behind Section 402.1 of the Act would prevent a suspension of benefits during the holiday.

---

[8] "Base year" is defined as the first four of the last five completed calendar quarters immediately preceding the first day of an individual's "benefit year" which begins the day on which a valid application is filed. Sections 4(a) and (b) of the Act, 43 P.S. §§753(a) and (b).

In *Foremsky v. Unemployment Compensation Board of Review,* 90 Pa. Commonwealth Ct. 609, 496 A.2d 865 (1985), we refused to apply the *Haynes* doctrine where a per diem substitute teacher sought benefits for the weeks during the Thanksgiving and Christmas holidays. Foremsky was found ineligible under Section 402.1(3) of the Act because his benefits were based on part-time earnings preceding the holiday recess and that these were the same wages he had a reasonable assurance of returning to immediately after the recess.

Clearly *Foremsky* is distinguishable from the case before us as Claimant's benefits were based on full-time earnings during her base year. In light of this fact, we need not reach the question of whether she had reasonable assurance that she would be returning to full-time wages immediately after the vacation. This is because Section 402.1(3) premises ineligibility on a finding that (1) the benefits shall be based on services which the claimant performed immediately prior to the vacation or holiday *and* (2) that there is a reasonable assurance that the claimant will perform those services immediately following the vacation or holiday. As Claimant's benefits were based on her full-time services, Section 402.1(3) does not apply.

Our decision in *Haynes* is controlling, and, accordingly, we will affirm the Board's order.

## ORDER

AND NOW, this 29th day of July, 1987, the order of the Unemployment Compensation Board of Review in the above-captioned matter is affirmed.