531 A.2d 819

Abdel Soliman, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs March 4, 1987, to Judges MAC-PHAIL and BARRY, and Senior Judge NARICK, sitting as a panel of three.

*Joyce D. Miller,* for petitioner.

*James K. Bradley,* Assistant Counsel, with him, *Clifford F. Blaze,* Deputy Chief Counsel, for respondent.

OPINION BY SENIOR JUDGE NARICK, September 29, 1987:

Abdel Soliman (Claimant) appeals from an order of the Unemployment Compensation Board of Review (Board) which affirmed a referee's decision that Claimant was ineligible, under Section 402.1(3)[1] of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802.1(3), for the unemployment compensation benefits he received for the week ending

---

[1] That section provides:

With respect to [certain services for educational institutions], benefits payable on the basis of such services shall be denied to any individual for any week which commences during an established and customary vacation period or holiday recess if such individual performed such services in the period immediately before such vacation period or holiday recess, and there is a reasonable assurance that such individual will perform such services in the period immediately following such vacation period or holiday recess.

April 21, 1984. The order also provided that the amount of the non-fault overpayment was to be deducted from future compensation payments under Section 804(b) of the Law, 43 P.S. §874(b). We reverse.

Claimant applied for unemployment compensation benefits on July 10, 1983 and was determined to be financially eligible based upon his base year earnings from April 1, 1982 to March 31, 1983. He began receiving compensation in July of 1983. In April, 1984, Claimant worked as a per diem substitute teacher for the School District of Philadelphia. He worked during the weeks ending April 14, 1984 and April 28, 1984. He did not work the week of April 21, 1984, when the school was closed for Easter vacation. The Office of Employment Security (OES) determined he was ineligible to receive benefits that week by reason of Section 402.1(3) of the Law, which precludes payment of benefits to claimants who are employees of educational institutions for any week which commences during a vacation or holiday recess period, provided that the claimant worked the period immediately before the vacation, and was reasonably assured of doing so immediately afterwards. Because the referee found as a fact that Claimant worked during the weeks before and after the vacation break, he upheld the OES' determination.

Claimant argues that his situation is indistinguishable from that of the claimant in *Haynes v. Unemployment Compensation Board of Review*, 65 Pa. Commonwealth Ct. 541, 442 A.2d 1232 (1982). In *Haynes*, this Court was faced with a per diem substitute teacher who was denied benefits during a Thanksgiving holiday. The claimant therein was receiving partial unemployment compensation benefits. In holding that Section 402.1(3) did not apply, we stated:

The intent of the legislature in passing Section 402.1 was to eliminate the payment of bene-

fits to school employees during summer months and other regularly scheduled vacations, on the rationale that such employees are able to anticipate and prepare for these nonworking periods. The law thus recognizes that these employees are not truly unemployed or suffering from economic insecurity during scheduled recesses.

The same cannot be said for the claimant in this case. He had been unemployed since August 1978, and his substitute teaching for 15 days in the fall semester of 1978 did not render him 'employed' . . .

*Id.*, 65 Pa. Commonwealth Ct. at 543, 442 A.2d at 1233.

The Board argues that *Haynes* is distinguishable because it was undisputed that that claimant was being paid benefits, not for the period of time he worked as a substitute, but on the basis of his previous year's full-time employment. The Board contends that Claimant's failure to introduce evidence that his base year earnings were the result of full-time employment is fatal to his claim. It cites *Foremsky v. Unemployment Compensation Board of Review*, 90 Pa. Commonwealth Ct. 609, 496 A.2d 865 (1985) in support of this proposition. *Foremsky* involved a per diem substitute teacher who was denied benefits for the Thanksgiving and Christmas recesses. In affirming the denial of benefits, we held 1) that there was objective evidence to support the fact that the claimant was reasonably assured of returning to work after the breaks and, 2) in distinguishing *Haynes*, that the claimant sought benefits on the basis of his part-time earnings preceding the holidays, which were the same wages he had a reasonable assurance of earning thereafter.

There was no indication in *Foremsky* that the claimant, prior to filing for benefits because of the holidays,

was receiving unemployment compensation benefits, and, hence, was unemployed. We believe this to be the distinguishing factor. In *Reskowski v. Unemployment Compensation Board of Review*, 95 Pa. Commonwealth Ct. 280, 283-284, 505 A.2d 380, 382 (1986), another case involving a per diem substitute teacher, this Court summarized the applicable cases under Section 402.1 as follows:

> In Haynes, we permitted payment of benefits to a per-diem substitute teacher otherwise ineligible under Section 402.1(3) of the Law[] for the claim weeks the school district was closed for the Thanksgiving holiday. In [Snow v. Unemployment Compensation Board of Review, 95 Pa. Commonwealth Ct. 259, 505 A.2d 383 (1986)], we permitted payment of benefits to a substitute cafeteria worker otherwise ineligible under Section 402.1(2)[] of the Law for the claim weeks the school district was closed for the summer recess. In [Weirich v. Unemployment Compensation Board of Review, 90 Pa. Commonwealth Ct. 528, 496 A.2d 97 (1985)], we permitted payment of benefits to a per-diem substitute teacher otherwise ineligible under Section 402.1(1) of the Law for the claim weeks the school district was closed for the summer recess. In each case we permitted an exception to the statutory rule based upon our disbelief that the legislature when it enacted Section 402.1 meant to include the subject claimants within the rule's broad coverage. The rule was established to preclude receipt of benefits by school employees who, during holidays and summer recesses, are unemployed but, because they can plan for those occasional periods of unemployment, are not truly experiencing the suffering the Unemployment

Compensation Law was meant to alleviate. We reasoned in Haynes, Weirich, and Snow, however, that the subject claimants were just as 'unemployed' (meaning that their earnings as substitutes were not significant enough to prevent their receipt of unemployment compensation) before and after the holidays and summer recesses, and the promise of such continued 'unemployment' should not preclude their receipt of benefits during the holidays and recesses as long as they continued to be financially eligible (meaning sufficient base year wages calculated by adding the wages earned in the first four of the five calendar quarters preceding the date of the application for benefits). (Footnotes omitted.)

Although the referee made no findings on this point, it is clear from the various exhibits[2] the referee admitted into evidence[3] at the start of the hearing that Claimant was financially eligible to receive benefits, and that benefits were being paid to him. The amount of the benefits varied, apparently reduced by his earnings when substitute teaching work was available. Accordingly, this Claimant was unemployed as were the claimants in *Haynes, Weirich, Snow,* and *Reskowski,* all of whom received benefits despite the language of Section 402.1 by virtue of the fact that they were unemployed before, during, and after the break periods.

Because we have consistently held that we do not believe the legislature, in enacting Section 402.1, intended such persons to be precluded from receiving

---

[2] Among these exhibits were copies of Claimant's unemployment compensation card, showing the dates he filed for benefits, and a computer listing of benefit payments made to Claimant.

[3] With one exception not pertinent here, all exhibits were admitted into evidence without objection.

benefits, to which they have already been determined to be entitled, we reverse the order of the Board denying benefits to Claimant for the week ending April 21, 1984.[4]

ORDER

AND NOW, this 29th day of September, 1987, the order of the Unemployment Compensation Board of Review, dated September 11, 1985, is reversed.

---

[4] In light of our determination that Claimant is entitled to the benefits he received, we need not address the issue of overpayment.