535 A.2d 697

West Greene School District, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs September 24, 1987, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Barbara A. Rizzo,* with her, *Richard J. Amrhein, Peacock, Keller, Yohe, Day* & *Ecker,* for petitioner.

*James K. Bradley,* Assistant Counsel, with him, *Clifford F. Blaze,* Deputy Chief Counsel, for respondent.

OPINION BY JUDGE CRAIG, January 6, 1988:

West Greene School District (district) appeals a decision of the Unemployment Compensation Board of Review granting unemployment benefits to Albert W. Thompson. The board's decision reversed both an Office of Employment Security (OES) determination that Thompson was not eligible to receive benefits under section 402.1(1) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802.1(1), and the referee's dismissal of Thompson's appeal as untimely filed.

The district's issues on appeal are (1) whether the board lacked jurisdiction to review the claimant's appeal filed later than the fifteenth day after the issuance of the determination; and (2) whether the board's award of benefits to the claimant was in violation of section 402.1(1) of the Law.

The board's decision was based on the following findings of fact:

    1. Claimant was last employed by West Greene School District, for over one and a half years as a permanent substitute teacher at $60.00 per day and his last day of work was June 9, 1986.

2. In February, 1986, claimant was informed that the science course in which he was teaching was being changed to an industrial arts course and he would not teach the industrial arts course.

3. In June, 1986, claimant was given reasonable assurance he would be returning to the 1986-87 school term as a per diem substitute teacher.

4. The Office of Employment Security issued a determination denying benefits to the claimant on July 10, 1986.

5. Claimant reported to the Local Office on the last day of the appeal period, July 25, 1986, but no appeal from the Office's determination was filed for him.

6. Claimant's appeal is timely filed.

The district argues that the board did not have jurisdiction to review Thompson's appeal, because it was not filed within the statutory fifteen-day filing period.[1] OES issued its denial of Thompson's application on July 10, 1986; the notice sent to Thompson indicated that July 25, 1986, was the last day on which an appeal could be filed. Thompson filed a Petition for Appeal on July 30, 1986, stating on the petition that he was filing late

---

[1] 43 P.S. §821(e) provides:

(e) Unless the claimant or last employer or base-year employer of the claimant files an appeal with the board, from the determination contained in any notice required to be furnished by the department under section five hundred and one (a) (c) and (d), within fifteen calendar days after such notice was delivered to him personally, or was mailed to his last known post office address, and applies for a hearing, such determination of the department, with respect to the particular facts set forth in such notice, shall be final and compensation shall be paid or denied in accordance therewith.

"because [he] did not understand what the time limits were." The district contends that the referee acted properly in dismissing the appeal as untimely filed.

The board responds that Thompson attempted to file his appeal on either July 16 or 25, but was mistakenly told by an intake worker that the appeal could wait. At the hearing, Thompson testified that he had asked to file an appeal within the filing period, was told by an intake operator that an appeal could wait, and was later told by another worker to write that he did not understand the time limits on his application for a late appeal. Two intake workers identified by Thompson also testified, one saying that she would not tell the claimant that an appeal could wait, and the other stating that she sometimes told claimants to write that they did not understand the time limits for filing appeals.

Neither the courts nor the compensation authorities have jurisdiction to extend the time for an appeal from the denial of benefits, in the absence of a showing of fraud or its equivalent on the part of the administrative authorities. *Berry v. Unemployment Compensation Board of Review,* 488 Pa. 180, 411 A.2d 1198 (1980). However, where a person is unintentionally misled by an authorized officer, a court will grant relief. *Layton v. Unemployment Compensation Board of Review,* 156 Pa. Superior Ct. 225, 40 A.2d 125 (1944).

In reviewing this case, the findings of fact are conclusive on appeal so long as the record contains substantial supporting evidence. *Taylor v. Unemployment Compensation Board of Review,* 474 Pa. 351, 378 A.2d 829 (1977). Our review of the record reveals substantial evidence to support the board's finding that Thompson unsuccessfully attempted to file an appeal within the fifteen-day filing period. The board's decision to treat Thompson's appeal as timely filed was proper.

The district's second issue focuses on the provisions of section 402.1(1) of the Law:

(1) With respect to service performed after December 31, 1977, in an instructional, research, or principal administrative capacity for an educational institution, benefits shall not be paid based on such services for any week of unemployment commencing during the period between two successive academic years, or during a similar period between two regular terms whether or not successive or during a period of paid sabbatical leave provided for in the individual's contract, to any individual if such individual performs such services in the first of such academic years or terms and if there is a contract or a reasonable assurance that such individual will perform services in any such capacity for any educational institution in the second of such academic years or terms.

The district argues that Thompson had been given reasonable assurance that the district would employ him as a per diem substitute teacher in 1986-87, and therefore Thompson was not eligible for benefits as a matter of law.

This court has addressed the question of whether substitute teachers are eligible for unemployment compensation during school breaks in a series of recent cases. In *Haynes v. Unemployment Compensation Board of Review*, 65 Pa. Commonwealth Ct. 541, 442 A.2d 1232 (1982), we permitted benefits to be paid during holiday breaks for a per diem substitute, otherwise ineligible under section 402.1(3) of the Law,[2] based on

---

[2] 43 P.S. §802.1(3) provides:

(3) With respect to any services described in clause (1) or (2), benefits payable on the basis of such services shall be denied to any individual for any week which commences during an established and customary vacation period or holiday recess if such individual performed such

the claimant's earnings as a full-time teacher the year before. In *Weirich v. Unemployment Compensation Board of Review,* 90 Pa. Commonwealth Ct. 528, 496 A.2d 97 (1985), we allowed benefits under section 402.1(1) to a suspended full-time teacher working as a per diem substitute, who had applied and received partial unemployment benefits during the school year, which OES had suspended during the summer vacation. Finally, in *Reskowski v. Unemployment Compensation Board of Review,* 95 Pa. Commonwealth Ct. 280, 505 A.2d 380 (1986), we held that the claimant's promise of continuing substitute work should not preclude his receipt of benefits during the summer months, where the claimant had been receiving partial unemployment benefits throughout the school year. The rationale for these decisions was summarized in *Reskowski,* 95 Pa. Commonwealth Ct. at 284, 505 A.2d at 382:

> In each case we permitted an exception to the statutory rule based upon our disbelief that the legislature when it enacted Section 402.1 meant to include the subject claimants within the rule's broad coverage. The rule was established to preclude receipt of benefits by school employees who, during holidays and summer recesses, are unemployed but, because they can plan for those occasional periods of unemployment, are not truly experiencing the suffering the Unemployment Compensation Law was meant to alleviate. We reasoned in Haynes, Weirich, and Snow, however, that the subject claimants were just as

---

services in the period immediately before such vacation period or holiday recess, and there is a reasonable assurance that such individual will perform such services in the period immediately following such vacation period or holiday recess.

'unemployed' (meaning that their earnings as substitutes were not significant enough to prevent their receipt of unemployment compensation) before and after the holidays and summer recesses, and the promise of such continued 'unemployment' should not preclude their receipt of benefits during the holidays and recesses as long as they continued to be financially eligible (meaning sufficient base year wages calculated by adding the wages earned in the first four of the five calendar quarters preceding the date of the application for benefits.)

The board properly looked to these cases for guidance in evaluating Thompson's appeal. However, our review of the prior cases and Thompson's situation reveals a critical distinction: In *Weirich* and *Reskowski*, the claimants were already receiving partial unemployment benefits during the academic year because they were only minimally employed. In contrast, nothing in this record indicates that Thompson was similarly unemployed before he applied for benefits at the beginning of the summer vacation. The record is unclear as to whether Thompson's permanent substitute position actually ended in February or continued until the end of the school year, or whether Thompson's employment during the spring term was so sporadic that he would have been eligible for partial unemployment benefits had he applied.

If Thompson was under-employed in the term before the summer break, and would have been eligible for partial benefits had he applied at that time, the *Reskowski* rationale would apply. If, on the other hand, Thompson had been working full-time as a permanent substitute, or working so frequently as a per diem substitute that he would not have been eligible for even partial benefits, he would not be eligible for unemploy-

ment benefits during the summer vacation under the exception to section 402.1(1) created in *Weirich* and *Reskowski*. Because the record fails to resolve these questions, we remand the case for further factual determination.

## ORDER

NOW, January 6, 1988, the order of the Unemployment Compensation Board of Review, Decision No. B-253480, dated October 14, 1986, is vacated; the case is remanded to the board for findings of fact as to the extent of the claimant's employment and earnings in the spring 1986 school term, pursuant to further evidentiary hearings if required, and for reconsideration of the decision in light of those facts.

Jurisdiction relinquished.