**CHESTER COMMUNITY CHARTER SCHOOL, Petitioner**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 28, 2013.

Decided Aug. 27, 2013.

Michael V. Puppio, Media, for petitioner.

Teresa Heacock DeLeo, Assistant Counsel, Harrisburg, for respondent.

BEFORE: PELLEGRINI, President Judge, LEAVITT, Judge, and FRIEDMAN, Senior Judge.

OPINION BY Judge LEAVITT.

Chester Community Charter School (Employer) petitions for review of an adjudication of the Unemployment Compensation Board of Review (Board) granting Teresa A. Robinson's (Claimant) claim for unemployment compensation benefits. The Board affirmed the Referee's determination that Claimant was not ineligible for benefits under Section 402.1(2) of the Unemployment Compensation Law (Law),[1] which excludes employees of an educational institution from collecting benefits between school terms. For the reasons that follow, we affirm.

Claimant was last employed as a building aide for Employer from October 23, 2011, until April 4, 2012. Claimant worked full-time during the 2011–2012 school term, earning $8.50 per hour. Claimant was laid off on April 4, 2012, due to budget cutbacks. On the day Claimant was laid off, she was given a letter assuring her a position for the 2012–2013 school term, which was scheduled to begin August 30, 2012. The 2011–2012 term ended on June 7, 2012. Claimant filed her claim for benefits on July 1, 2012.[2]

On July 26, 2012, the Allentown UC Service Center issued a Notice of Determination informing Claimant that she was ineligible for benefits beginning with the waiting week ending July 7, 2012. Claimant appealed and a hearing was held by the Referee on September 21, 2012. At the hearing, Claimant appeared, *pro se,* and Employer was represented by a nonlegal representative, Susan Wadkins. Wadkins testified that Claimant was laid off on April 4, 2012, and was given a letter of assurance that work would be available in the 2012–2013 school term. Claimant agreed and added that on September 1, 2012, she returned to work for Employer in the same position she previously held.

The Referee held that Claimant was not ineligible for benefits under Section 402.1(2) of the Law because Claimant was not given reasonable assurance of continued employment until August 30, 2012. The Board affirmed the Referee's grant of benefits on different grounds. The Board held that Claimant was not ineligible under Section 402.1(2) of the Law because she was laid off prior to the end of the school year. Employer now petitions this Court for review.

On appeal,[3] Employer argues that the Board erred in determining that Claimant was eligible for benefits. Specifically, Employer argues that because Claimant is an employee of an educational institution, she was ineligible for benefits in between the 2011–2012 and 2012–2013 school terms because she was given reasonable assurance of returning to work in the 2012–2013 term.[4]

---

1. Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, added by the Act of July 6, 1977, P.L. 41, *as amended,* 43 P.S. § 802.1(2).

2. Due to a prior claim for benefits, Claimant did not have enough completed calendar quarters of earnings to file the instant claim until July 2012. Board's Brief at 7 n.4.

3. Our review is limited to determining whether constitutional rights were violated, errors of law were committed or whether the findings of fact are supported by the evidence. *Wright–Swygert v. Unemployment Compensation Board of Review,* 16 A.3d 1204, 1207 n. 3 (Pa.Cmwlth.2011).

4. Employer also argues that the Board erred in affirming the Referee because the Referee incorrectly found that Claimant did not receive the letter of assurance until August 31,

As a school employee, Claimant's eligibility for benefits is governed by Section 402.1(2) of the Law. It states:

> With respect to services performed after October 31, 1983, in any other capacity for an educational institution, benefits shall not be paid on the basis of such services to any individual for any week which commences during a period between two successive academic years or terms if such individual performs such services in the first of such academic years or terms and there is a reasonable assurance that such individual will perform such services in the second of such academic years or terms.

43 P.S. § 802.1(2). The purpose of this provision is to preclude school employees from receiving unemployment benefits during breaks between school terms because they are able to anticipate those nonworking periods and, therefore, are not truly unemployed or suffering from economic insecurity. *Snow v. Unemployment Compensation Board of Review*, 95 Pa. Cmwlth. 259, 505 A.2d 383, 384 (1986); *Haynes v. Unemployment Compensation Board of Review*, 65 Pa.Cmwlth. 541, 442 A.2d 1232, 1233 (1982).

This Court has held that the legislature's intent in enacting Section 402.1 was to eliminate the payment of benefits to employees who were unemployed for predetermined periods of time, but not to employees who become unemployed due to an unanticipated cause. *Snow*, 505 A.2d at 384; *Reskowski v. Unemployment Compensation Board of Review*, 95 Pa.Cmwlth. 280, 505 A.2d 380, 382 (1986). If a school employee is laid off and receiving benefits prior to the end of the academic term, she remains eligible for benefits during the summer break even if she has a reasonable assurance of work in the next term. *Albert Gallatin School District v. Unemployment Compensation Board of Review*, 158 Pa.Cmwlth. 589, 632 A.2d 614, 617 (1993).

Here, Claimant received reasonable assurance of returning to work at the start of the 2012–2013 school year. However, Claimant was laid off on April 4, 2012, two months prior to the end of the school year; therefore, she was unemployed and eligible to collect benefits. The only reason Claimant waited until July to file the instant claim was because, due to a prior unrelated claim, she had to wait until she accrued a sufficient number of calendar quarters of earnings. It was not the intent of Section 402.1(2) of the Law to exclude a claimant in such a situation.

For the above stated reasons, the order of the Board is affirmed.

### ORDER

AND NOW, this 27th day of August, 2013, the order of the Unemployment Compensation Board of Review dated December 18, 2012, in the above-captioned matter is hereby AFFIRMED.

---

2012. Employer contends that Claimant actually received the letter on April 4, 2012. Although we agree that the Referee's finding was in error, it is of no moment. Under the Law, the Board is the ultimate fact finder, not the Referee. *Peak v. Unemployment Compensation Board of Review*, 509 Pa. 267, 276–77, 501 A.2d 1383, 1388 (1985). Here, the Board did not adopt the Referee's erroneous finding of fact, nor did the Board base its decision upon Employer's assurance of return to work.